OPINION
{¶ 1} Defendant-appellant, Alva E. Campbell, Jr., appeals from a judgment of the Franklin County Court of Common Pleas denying his petition for post-conviction relief brought under R.C. 2953.21. Because the grounds for relief set forth in defendant's petition either are barred by res judicata or fail to state a basis giving rise to the need for an evidentiary hearing, we affirm the trial court's order dismissing defendant's post-conviction relief petition.
 {¶ 2} In 1972, defendant was convicted of first-degree murder under former R.C. 2901.01 and sentenced to life imprisonment. He was paroled 20 years later. In 1997, he was arrested in Franklin County on a charge of aggravated robbery and was held in jail pending arraignment.
 {¶ 3} On April 2, 1997, a deputy sheriff drove defendant from the jail to the county courthouse for his arraignment. Having feigned paralysis for several weeks, defendant was confined to a wheelchair, unrestrained. While the deputy was assisting defendant in entering the courthouse, defendant suddenly attacked and beat the deputy, stole her pistol, and fled. Defendant stopped a passing pickup truck, pulled open the driver's door, instructed the teenage driver to move over, and drove off with the teenager as his prisoner. A few hours later, after exchanging clothes with the teenager and taking his wallet, defendant directed the teenager to lie on the floor board of the truck, and defendant fatally shot him twice at close range, once in the face and once in the neck.
 {¶ 4} Shortly thereafter, defendant attempted to kidnap a woman at gunpoint. The woman escaped, but defendant seized her wallet and keys and took her car. Defendant drove the car to a nearby shopping center, where he tried to kidnap another individual. That person also escaped, leaving his car but taking his keys. Defendant continued to drive around in the woman's car until a police officer eventually spotted him. Defendant drove away but then abandoned the car, fled on foot, and hid in a tree until he surrendered to police. While in police custody, defendant made a lengthy, detailed confession.
 {¶ 5} Defendant was charged with four counts of aggravated murder, each having four death penalty specifications. He was also charged with ten non-capital counts, including four counts of aggravated robbery, two counts of attempted kidnapping, and one count each of kidnapping, felonious assault, escape, and having a weapon under disability. The charges also included numerous firearm specifications and repeat violent offender specifications. The jury found defendant guilty on all counts and specifications, excluding the repeat violent offender specifications, which were tried to the trial court. The court found the repeat violent offender specifications proven beyond a reasonable doubt.
 {¶ 6} Before the penalty phase, the court merged one of the death penalty specifications into the other death penalty specifications. Thus, for purposes of sentencing, the jury considered four counts of aggravated murder with three death penalty specifications as to each count. The aggravating circumstances the state presented to the jury were: (1) a prior purposeful killing by defendant in 1972, (2) murder committed during an aggravated robbery, and (3) murder committed during a kidnapping. In mitigation, defendant presented three witnesses, including defendant's sister Gwendolyn, who testified about defendant's family history and the abusive, dysfunctional environment in which defendant was raised, and Dr. Jeffrey Smalldon, a clinical psychologist who testified extensively about defendant's history, character, and background. The jury found the aggravating circumstances outweighed the mitigating factors beyond a reasonable doubt and recommended a sentence of death. On April 3, 1998, the trial court accepted the jury's recommendation, merged the aggravated murder counts, and entered judgment sentencing defendant to death on the count of aggravated murder during kidnapping. The court also imposed various determinate sentences on the non-capital counts and specifications. Following sentencing, the trial court appointed new counsel for defendant for purposes of appeal and post-conviction proceedings.
 {¶ 7} On May 20, 1998, defendant appealed the judgment directly to the Ohio Supreme Court pursuant to R.C. 2953.02 and Section 2(B)(2)(c), Article IV, Ohio Constitution. See State v. Campbell (2000),90 Ohio St.3d 320 ("Campbell I"), certiorari denied (2001), 533 U.S. 956,121 S.Ct. 2606. On February 2, 1999, during the pendency of the proceedings before the Supreme Court, defendant filed a petition for post-conviction relief in the Franklin County Court of Common Pleas pursuant to R.C. 2953.21. On December 20, 2000, the Supreme Court affirmed defendant's convictions, but it vacated the death sentence because the trial court had sentenced defendant for aggravated murder without advising him of his right to allocution. Campbell I, supra.
 {¶ 8} On remand for resentencing held April 20, 2001, the trial court heard defendant's allocution and again sentenced defendant to death. Upon defendant's direct appeal from the sentence imposed on remand, the Ohio Supreme Court affirmed the death sentence. State v.Campbell (2002), 95 Ohio St.3d 48 ("Campbell II"). Because the post-conviction proceedings were still pending in the trial court, the Supreme Court stayed execution of defendant's sentence pending his exhaustion of state post-conviction remedies; 95 Ohio St.3d 1462.
 {¶ 9} In his petition for post-conviction relief, defendant requested that the trial court declare defendant's convictions and death sentence to be void or voidable, and that the trial court grant discovery and an evidentiary hearing on the petition pursuant to R.C. 2953.21. On April 19, 1999, the state filed a motion to dismiss the petition.
 {¶ 10} On January 21, 2003, the trial court issued a 66-page decision and entry in which the court (1) found no merit in any of the petition's grounds for relief, (2) denied all relief requested in the post-conviction petition, and (3) dismissed the petition. Defendant appeals, assigning the following errors:
NO. I
THE TRIAL COURT ERRED IN DISMISSING APPELLANT'S POST-CONVICTION PETITION WHERE HE PRESENTED SUFFICIENT OPERATIVE FACTS TO MERIT AN EVIDENTIARY HEARING AND DISCOVERY IN VIOLATION OF APPELLANT'S RIGHTS AS GUARANTEED BY THE FIFTH, SIXTH, EIGHTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION.
NO. II
IN APPELLANT'S CASE OHIO'S POST-CONVICTION PROCEDURES AFFORDED NEITHER AN ADEQUATE CORRECTIVE PROCESS NOR COMPLIED WITH DUE PROCESS AND EQUAL PROTECTION.
NO. III
THE EFFECT OF THE CUMULATIVE ERROR DERIVED FROM APPELLANT'S SUBSTANTIVE CLAIMS MERIT [sic] REVERSAL OR REMAND FOR A NEW TRIAL AND SENTENCING HEARING OR AN ADEQUATE POST-CONVICTION CORRECTIVE PROCESS PURSUANT [sic].
 {¶ 11} In his first assignment of error, defendant contends the trial court erred in dismissing the grounds for relief numbered 2, 3, 31, and 37 through 41 in defendant's post-conviction petition. Defendant asserts the trial court should have held an evidentiary hearing because (1) the petition's grounds properly pled deprivations of defendant's constitutional rights warranting relief, and (2) the petition and supporting documentation set forth sufficient operative facts to merit discovery and an evidentiary hearing. Moreover, defendant argues, because each of the grounds for relief was supported by credible evidence outside the trial court record, the trial court erred in finding res judicata barred some of the claims.
 {¶ 12} Initially, we note defendant asserts no error in the trial court's dismissing the remaining grounds for relief in the petition. Accordingly, he is deemed to have waived any error as to those grounds, and we will not address the propriety of their dismissal.
 {¶ 13} The post-conviction relief process is a collateral civil attack on a criminal judgment, not an appeal of the judgment. State v.Steffen (1994), 70 Ohio St.3d 399, 410. "It is a means to reach constitutional issues which would otherwise be impossible to reach because the evidence supporting those issues is not contained" in the trial court record. State v. Murphy (Dec. 26, 2000), Franklin App. No. 00AP-233, discretionary appeal not allowed (2001), 92 Ohio St.3d 1441. Post-conviction review is not a constitutional right but, rather, is a narrow remedy which affords a petitioner no rights beyond those granted by statute. State v. Calhoun (1999), 86 Ohio St.3d 279, 281, 282. A post-conviction relief petition does not provide a petitioner a second opportunity to litigate his or her conviction. State v. Hessler, Franklin App. No. 01AP-1011, 2002-Ohio-3321, at ¶ 32; Murphy, supra.
 {¶ 14} A defendant seeking to challenge a conviction or sentence through a petition for post-conviction relief under R.C. 2953.21 is not automatically entitled to a hearing. Calhoun, at 282; State v. Jackson
(1980), 64 Ohio St.2d 107. In reviewing whether the trial court errs in denying a petitioner's motion for post-conviction relief without a hearing, the appellate court applies an abuse of discretion standard.Calhoun, at 284 (stating the post-conviction relief "statute clearly calls for discretion in determining whether to grant a hearing").
 {¶ 15} To warrant an evidentiary hearing on a petition for post-conviction relief, a petitioner bears the initial burden of providing evidence that demonstrates a cognizable claim of constitutional error. R.C. 2953.21(C); Hessler, at ¶ 33. As the Ohio Supreme Court noted inState v. Cole (1982), 2 Ohio St.3d 112, 113, a trial court has a statutorily imposed duty to ensure a defendant presents evidence sufficient to warrant a hearing. The evidence must show "there was such a denial or infringement of the person's rights as to render the judgment void or voidable under the Ohio Constitution or the Constitution of the United States." R.C. 2953.21(A)(1); Calhoun, at 282-283. Pursuant to R.C. 2953.21(C), a defendant's petition for post-conviction relief may be denied by a trial court without holding an evidentiary hearing where the petition, the supporting affidavits, the documentary evidence, the files, and the records do not demonstrate that the petitioner set forth sufficient operative facts to establish substantive grounds for relief.Calhoun, at paragraph two of the syllabus.
 {¶ 16} A trial court may also dismiss a petition for post-conviction relief without holding an evidentiary hearing when the claims raised in the petition are barred by the doctrine of res judicata. State v. Szefcyk (1996), 77 Ohio St.3d 93, syllabus, approving and following State v. Perry (1967), 10 Ohio St.2d 175, paragraph nine of the syllabus. "Res judicata is applicable in all postconviction relief proceedings." Szefcyk, at 95. Under the doctrine of res judicata, a defendant who was represented by counsel is barred from raising an issue in a petition for post-conviction relief if defendant raised or could have raised the issue at trial or on direct appeal. Szefcyk, syllabus;State v. Reynolds (1997), 79 Ohio St.3d 158, 161; Hessler, at ¶ 36.
 {¶ 17} For a defendant to avoid dismissal of the petition by operation of res judicata, the evidence supporting the claims in the petition must be competent, relevant, and material evidence outside the trial court record, and it must not be evidence that existed or was available for use at the time of trial. Cole, syllabus; State v. Lawson
(1995), 103 Ohio App.3d 307, 315, discretionary appeal not allowed,74 Ohio St.3d 1404; State v. Braden, Franklin App. No. 02AP-954, 2003-Ohio-2949, at ¶ 27, 36, certiorari denied (Oct. 6, 2003), ___ U.S. ___, 2003 WL 21490035.
 {¶ 18} With regard to the second ground for relief presented in defendant's post-conviction petition, defendant asserts the trial court erred in holding that because an identical issue was raised and decided in defendant's direct appeal to the Ohio Supreme Court in Campbell I, the specified ground is barred by res judicata. Specifically, in the second ground for relief, defendant alleges the trial court should have ordered a change of venue sua sponte because pretrial publicity so pervaded the community that defendant's right to a fair trial and impartial jury were violated, giving rise to a presumption of prejudice. In support, defendant submitted over 50 newspaper articles published before trial about the crime. Defendant contends res judicata is inapplicable because the evidence constitutes evidence outside the record which the Supreme Court in Campbell I appropriately determined it would not and could not consider in analyzing the issue on direct appeal. Therefore, defendant argues, because the Supreme Court expressly refused to consider the evidence, defendant's second ground for relief is not barred by res judicata.
 {¶ 19} Contrary to defendant's assertion, the Supreme Court's statements, that on direct appeal it would not and could not consider newspaper stories concerning the crime because they were not part of the trial court record, are contained in the court's discussion of defendant's separate but related claim of ineffective assistance of counsel based upon counsel's failure to move for a change of venue. SeeCampbell I, at 336-337. No similar statements are included in the Supreme Court's discussion of defendant's separate "change of venue" issue raised on direct appeal. See id. at 336. The "change of venue" issue raised on direct appeal is identical to the issue raised in the post-conviction petition's second ground for relief. The Supreme Court disposed of the "change of venue" issue on direct appeal as follows:
In his fifth proposition, Campbell contends that pretrial publicity so pervaded the community that a fair trial was impossible; therefore, the trial court should have ordered a change of venue sua sponte. However, Campbell waived this issue by failing to request a change of venue.
(Citations omitted). Campbell I, at 336.
 {¶ 20} The Supreme Court's holding that defendant waived the issue of the trial court's failure to change venue sua sponte remains the law of the case. See, generally, Nolan v. Nolan (1984), 11 Ohio St.3d 1, 3
(stating that the doctrine of law of the case "provides that the decision of a reviewing court in a case remains the law of that case on the legal questions involved for all subsequent proceedings in the case at both the trial and reviewing levels"). Because no existing "extraordinary circumstances" warrant our deviation from the Supreme Court's decision on this issue, we adhere to the court's decision in Campbell I, at 336, on defendant's "change of venue" claim. See Carr Supply, Inc. v. RockfordHomes, Inc., Franklin App. No. 02AP-960, 2003-Ohio-4676 (discussing and applying "law of the case" doctrine).
 {¶ 21} Accordingly, the post-conviction petition's second ground for relief is barred by res judicata because (1) the issue could have been raised before trial and the supporting evidence defendant presented was in existence at the time of trial, (2) defendant raised the same issue in his direct appeal to the Ohio Supreme Court in Campbell I, at 336, and (3) the Supreme Court held that defendant is barred by waiver from asserting error on this basis. Id. The trial court did not err in holding that res judicata bars the post-conviction petition's second ground for relief.
 {¶ 22} Next, defendant asserts the trial court erred in dismissing the petition's third ground for relief, which alleges defendant was deprived of his constitutional right to the effective assistance of counsel by trial counsel's failure to move for a change of venue. In the petition, as in this appeal, defendant argues he was prejudiced by counsel's failure to request a venue change. Specifically, defendant contends the pervasive publicity surrounding defendant's arrest, indictment and prosecution operated to deprive defendant of his right to a fair trial by an impartial jury, which defendant contends could have been protected by a venue change. As previously noted, in support of his ineffective assistance of counsel claim defendant submitted numerous newspaper articles concerning the case that were published before trial. Defendant contends prejudice to him should be presumed from the extensive pretrial publicity, and he therefore should be granted a new trial in a different venue. Alternatively, defendant argues, at the very least he should be granted discovery and an evidentiary hearing on this issue, and a re-determination should be made concerning the merit of this ground for relief.
 {¶ 23} In denying the third ground for relief, the trial court found the evidence defendant presented did not show counsel's failure to seek a change of venue was other than a valid tactical decision. Moreover, the trial court concluded the evidence did not demonstrate that a change of venue would have made a difference in the outcome, in light of overwhelming evidence of defendant's guilt and the possibility a change of venue could have moved the case to a more death-penalty friendly county. The trial court further stated that, even if defense counsel had moved for a venue change, the court would not have granted the motion, given the extensive voir dire of the prospective jurors on the issue of pretrial publicity, which the trial court believed resulted in a fair and objective jury.
 {¶ 24} A convicted defendant alleging ineffective assistance of counsel must demonstrate (1) defense counsel's performance was so deficient that he or she was not functioning as the counsel guaranteed under the Sixth Amendment to the United States Constitution, and (2) defense counsel's errors prejudiced defendant, depriving him or her of a trial whose result is reliable. Strickland v. Washington (1984),466 U.S. 668, 104 S.Ct. 2052; State v. Bradley (1989), 42 Ohio St.3d 136, paragraph two of the syllabus, certiorari denied (1990), 497 U.S. 1011,110 S.Ct. 3258. In order to secure a hearing on an ineffective assistance of counsel claim in a petition for post-conviction relief, the petitioner bears the initial burden of submitting evidentiary documents that together contain sufficient operative facts which, if believed, would establish defense counsel had substantially violated at least one of a defense attorney's essential duties to his client, and the defendant was prejudiced as a result. Cole, at 114; Jackson, syllabus. "Judicial scrutiny of counsel's performance must be highly deferential * * * and a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance * * *."Strickland, at 689; Bradley, at 141.
 {¶ 25} A "[t]rial counsel's failure to request a change of venue is not tantamount to ineffective assistance of counsel." State v. White
(1998), 82 Ohio St.3d 16, 24. When it appears a fair and impartial trial cannot be held, a trial court can change venue. Crim.R. 18(B); R.C.2901.12(K). However, even where there is extensive pretrial publicity, a change of venue is not automatically granted. White, at 24. "Instead, the decision whether to grant a change of venue rests largely within the discretion of the trial court." Id., citing State v. Maurer (1984),14 Ohio St.3d 239, 250.
 {¶ 26} Although defendant contends prejudice must be presumed in this case because of the pervasive publicity, the Ohio Supreme Court has stated "[i]t is rare for a court to presume that a jury is prejudiced by pretrial publicity." White, at 21, citing State v. Lundgren (1995),73 Ohio St.3d 474, 479. As the court explained, "the fact that prospective jurors have been exposed to pretrial publicity does not, in and of itself, demonstrate prejudice. `[P]retrial publicity — even pervasive, adverse publicity — does not inevitably lead to an unfair trial.' Nebraska Press Assn. v. Stuart (1976), 427 U.S. 539, 554,96 S.Ct. 2791, 2800, 49 L.Ed.2d 683, 695." White, at 21. Accordingly, if "`the record on voir dire establishes that prospective veniremen have been exposed to pretrial publicity but affirmed they would judge the defendant solely on the law and the evidence presented at trial, it is not error to empanel such veniremen.'" Id., quoting Maurer, at 252. "`[A] careful and searching voir dire provides the best test of whether prejudicial pretrial publicity has prevented obtaining a fair and impartial jury from the locality.'" Id., quoting State v. Bayless
(1976), 48 Ohio St.2d 73, 98.
 {¶ 27} The voir dire in this case covered nine days, during which the prospective jurors were questioned extensively about the pretrial publicity and their ability to impartially reach a verdict based on the evidence presented in court. During voir dire, the court excused several jurors who it determined could not be impartial or who leaned toward the death penalty. The jurors who were empanelled indicated they could try the case fairly. Although such assurances by prospective jurors are not dispositive of the defendant's right to an impartial jury, the empanelling of the jury with the defense having used only four of six available peremptory challenges belies defendant's claim the jury could not be impartial due to the pretrial publicity. See State v. Getsy
(1998), 84 Ohio St.3d 180, 189, certiorari denied (1999), 527 U.S. 1042,119 S.Ct. 2407. While it remained open for defendant to demonstrate a juror had actually formed an opinion, thereby raising the presumption of partiality, Murphy v. Florida (1975), 421 U.S. 794, 800, 95 S.Ct. 2031,2036, neither the petition nor supporting documents defendant submitted present sufficient operative facts demonstrating pretrial publicity prejudiced the empanelled jury.
 {¶ 28} Finally, the trial court stated that even if defense counsel had moved for a change of venue, the court would have denied the motion "because, in [the court's] mind, a very fair and objective jury was selected." (Jan. 21, 2003 Decision, 10.) Given the discretion accorded to the trial court in granting a change of venue, defendant has not shown the outcome would have been different if defense counsel had moved to change venue.
 {¶ 29} For the foregoing reasons, we conclude the trial court appropriately denied the third ground for relief in the post-conviction petition without allowing discovery or holding an evidentiary hearing.
 {¶ 30} Defendant next asserts the trial court erred in finding no merit in the petition's 31st ground for relief, in which defendant alleges the trial court improperly precluded defense counsel from pursuing and presenting relevant mitigation evidence of health problems defendant suffered. As a result, defendant asserts, the court prevented the jury from considering this mitigating factor in its sentencing recommendation. Defendant's claim is based on the trial court's refusing defense counsel's request that defendant be taken to a medical facility for a "chest CT" (computed tomography) to evaluate the "possibility" of malignant growths in his lungs that could result in a shortened life expectancy. By denying him the requested examination, defendant contends, the trial court precluded defendant from placing before the jury the mitigating factor of a possibly shortened life expectancy, which the jury could have considered in making its sentencing recommendation. In support of the petition's ground for relief, defendant relied solely on the existing trial court record and presented no evidence outside the record.
 {¶ 31} As the trial court noted in its dismissal of defendant's post-conviction petition, defendant raised, and the Supreme Court rejected, this same issue in defendant's direct appeal to the court. SeeCampbell I, at 327-329. The Supreme Court's rejection of defendant's claim is the law of the case on this issue, Nolan, supra, and defendant therefore was barred by res judicata from reasserting this issue in his petition for post-conviction relief. Szefcyk; Braden, supra. Moreover, because defendant did not support his claim with evidence outside the record, defendant's claim fails under Cole, syllabus (holding res judicata is a proper basis for dismissing a petition for post-conviction relief where the defendant was represented by new counsel upon direct appeal and the issue of competent trial counsel is based upon the existing record). Accordingly, the trial court correctly found this ground for relief to be without merit.
 {¶ 32} The propriety of the trial court's dismissing the post-conviction petition's grounds for relief 37, 38, 39, 40 and 41 will be discussed together, as they each assert that defendant's death sentence is void or voidable due to defense counsel's failure to sufficiently investigate and present "available, relevant, cohesive, and comprehensive" mitigation evidence.
 {¶ 33} In grounds 37, 38 and 39, defendant takes issue with defense counsel's presentation of clinical psychologist Dr. Smalldon as the sole expert witness in mitigation. Dr. Smalldon testified he met with defendant seven times, conducting interviews and administering neuropsychological and personality-oriented tests. Dr. Smalldon explained that during interviews of defendant, Dr. Smalldon attempted to obtain information regarding defendant's childhood, education, alcohol and drug use, and his involvement with the juvenile justice and adult criminal justice systems. To gather further information concerning defendant's background, Dr. Smalldon interviewed defendant's ex-wife and his sisters Gwendolyn, Barbara, and Sandra, and he reviewed extensive records relating to defendant, including Cuyahoga County Children's Services and Juvenile Court records, records pertaining to defendant's incarceration as an adult, medical records, counseling records, and criminal records of defendant's father concerning the father's rape and sodomy of one of defendant's sisters.
 {¶ 34} Dr. Smalldon testified at length about defendant's history, his family relationships, his home environment as a child, his confusion about his racial identity, his out-of-home placements as a juvenile, his criminal history, the effects of the placements and long-term incarceration on defendant, his health status, and his psychological profile. Dr. Smalldon diagnosed defendant as suffering from an antisocial personality disorder, alcohol abuse and/or dependence, and prominent narcissistic and passive-aggressive personality traits. Dr. Smalldon opined that defendant would adjust well in prison to life without parole, and Dr. Smalldon did not believe a death sentence would be appropriate in this case.
 {¶ 35} Defendant contends counsel's failure to present other, competent expert testimony, including more psychological experts, an expert on prison culture, and an expert on racial identity problems, prevented the jury from fully understanding and giving effect to defendant's mitigation evidence when the jury recommended a sentence for defendant. In support, defendant presents affidavits of Dr. Kristen Haskins, a psychologist, and Dr. Clemens Bartollas, a sociologist, who aver that the importance of the mitigation factors in forming defendant's character, personality, and subsequent behaviors was not adequately presented to the jury.
 {¶ 36} In grounds 40 and 41, defendant asserts he was prejudiced by counsel's failure to present defendant's sisters, Barbara and Sandra, as additional mitigation witnesses. Defendant claims their affidavits, submitted in support of the post-conviction petition, show they would have provided important insights into defendant's psychological condition and would have corroborated the testimony of defendant's sister Gwendolyn concerning defendant's family history, the appalling environment in which defendant was raised, and the effects on defendant and his siblings from the violence, abusiveness and bi-racial nature of their family. Defendant's father was an alcoholic Caucasian who hated Blacks, and his mother was an alcoholic who was both African-American and Native American. See Campbell II, at 51-53.
 {¶ 37} Generally, a defense counsel's decision as to what mitigating evidence to present during the penalty phase of a capital trial is a matter of trial strategy. State v. Keith (1997),79 Ohio St.3d 514, 530, certiorari denied (1998), 523 U.S. 1063,118 S.Ct. 1393; Hessler, at ¶ 42. Defense counsel has a duty to investigate mitigating circumstances in order to make informed tactical decisions about which information would be most helpful to the client's case. State v. Jackson, Franklin App. No. 01AP-808, 2002-Ohio-3330, ¶ 84, citing State v. Johnson (1986), 24 Ohio St.3d 87, 90. However, out-of-record evidence that is merely cumulative of, or alternative to, other mitigation evidence defense counsel presented does not provide substantive grounds for a claim of ineffective assistance of counsel at mitigation. Kessler, supra; State v. Combs (1994), 100 Ohio App.3d 90,98, 105. See, also, Keith, at 536, citing Johnson, at 91 (stating "[t]he decision to forego the presentation of additional mitigating evidence does not itself constitute proof of ineffective assistance of counsel").
 {¶ 38} Further, decisions regarding what witnesses to call falls within the purview of trial strategy and, absent prejudice, generally will not constitute ineffective assistance of counsel. Hessler, at ¶ 42. To demonstrate prejudice, a petitioner must show not only that there was mitigating evidence counsel failed to present, but also "there is a reasonable probability that the evidence would have swayed the jury to impose a life sentence." Keith, at 536. See, also, Strickland at 2069 (stating "[w]hen a defendant challenges a death sentence * * * the question is whether there is a reasonable probability that, absent the errors, the sentencer — including an appellate court, to the extent it independently reweighs the evidence — would have concluded that the balance of aggravating and mitigating circumstances did not warrant death").
 {¶ 39} Although Drs. Haskins and Bartollas believe a better job could have been done presenting defendant's psychological background, they have the benefit of perfect hindsight, the distorting effect of which must be avoided. State v. Post (1987), 32 Ohio St.3d 380, 388, certiorari denied (1988), 484 U.S. 1079, 108 S.Ct. 1061. "A post-conviction petition does not show ineffective assistance merely because it presents a new expert opinion that is different from the theory used at trial." Combs, at 103. Moreover, the affidavits of Drs. Haskins and Bartollas are largely cumulative of, or alternative to, the mitigation evidence presented by defense counsel and thus do not support substantive grounds for an ineffective-assistance claim. Combs; Hessler;Murphy, supra.
 {¶ 40} Similarly, the proposed testimony of defendant's sisters Barbara and Sandra is merely cumulative to the testimony presented by defendant's sister Gwendolyn and to that presented by Dr. Smalldon, who specifically referenced information given to him by each of the sisters when he testified about defendant's history, character, and background. Thus, their affidavits do not set forth operative facts supporting an ineffective assistance of counsel claim. Id.
 {¶ 41} "[W]hen, as here, counsel has presented a meaningful concept of mitigation, the existence of alternate or additional mitigation theories does not establish ineffective assistance." Combs, at 105. The petition and supporting documents reveal defendant has not set forth sufficient operative facts to show defense counsel violated an essential duty to defendant or rendered deficient assistance in the penalty phase of defendant's capital trial. Cole, at 114; Calhoun, at paragraph two of the syllabus.
 {¶ 42} Further, the petition and supporting documents do not show defendant was prejudiced as a result of counsel's failure to present additional mitigation witnesses. The trial court found defense counsel did an "excellent" job in presenting all the points the jury needed to consider for purposes of mitigation, and, in light of the overwhelming aggravating circumstances, there would have been no reasonable probability of a different outcome. (Jan. 21, 2003 Decision, 36-41.) Significantly, the Ohio Supreme Court found the defense presented an "impressive and substantial case in mitigation," Campbell I, at 328, but ultimately held the aggravating circumstances outweighed the mitigating factors beyond a reasonable doubt and the sentence of death was appropriate. Campbell II, at 58.
 {¶ 43} Here, because the affidavits defendant submitted in support of petition grounds 37, 38, 39, 40, and 41 are largely cumulative to the mitigation evidence defense counsel presented, and in light of the Supreme Court's holding in Campbell II that the aggravating circumstances outweighed the mitigating factors beyond a reasonable doubt, we conclude defendant has not shown a reasonable probability exists that the outcome of the penalty phase of defendant's trial would have been different, such that the jury would conclude the death sentence is not warranted.Strickland, supra. Accordingly, the trial court properly dismissed petition grounds 37 through 41.
 {¶ 44} Based on the foregoing, we hold the trial court did not err in dismissing defendant's petition for post-conviction relief without conducting an evidentiary hearing, because defendant's claims were either barred by the operation of res judicata or defendant failed to set forth sufficient operative facts to establish substantive grounds for relief. Accordingly, defendant's first assignment of error is overruled.
 {¶ 45} In his second assignment of error, defendant asserts the post-conviction proceedings did not provide an adequate corrective process and did not comply with constitutional guarantees of due process or equal protection because defendant was not granted discovery or an evidentiary hearing before his post-conviction relief petition was dismissed.
 {¶ 46} This same argument has been rejected by this and other Ohio appellate courts. See Braden, at ¶ 40; Hessler, at ¶ 85; Jackson,
at ¶ 96-97; State v. Scudder (1998), 131 Ohio App.3d 470, 478, appeal dismissed (1999), 85 Ohio St.3d 1456; State v. Coleman, Clark App. No. 2001-CA-42, 2002-Ohio-5377, at ¶ 111-112, discretionary appeal not allowed (2003), 98 Ohio St.3d 1478; State v. Hoffner, Lucas App. No. L-01-1281, 2002-Ohio-5201, at ¶ 36. See, also, State ex rel. Love v.Cuyahoga Cty. Prosecutor's Office (1999), 87 Ohio St.3d 158, 159, certiorari denied (2000), 529 U.S. 1116, 120 S.Ct. 1977 (determining a defendant is not entitled to discovery in post-conviction proceedings). Accordingly, defendant's second assignment of error is overruled.
 {¶ 47} In his third assignment of error, defendant asserts the cumulative effect of the errors alleged in his post-conviction petition warrant the grant of a new trial and sentencing hearing or, at a minimum, a post-conviction evidentiary hearing on the grounds presented in the petition.
 {¶ 48} Pursuant to the doctrine of cumulative error, a judgment may be reversed where the cumulative effect of errors deprives a defendant of his constitutional rights, even though the errors individually do not rise to the level of prejudicial error. State v. Garner (1995),74 Ohio St.3d 49, 64, certiorari denied (1996), 517 U.S. 1147,116 S.Ct. 1444; State v. DeMarco (1987), 31 Ohio St.3d 191, paragraph two of the syllabus. Because we have not found any instances of error in this case, the doctrine of cumulative error is inapplicable. Accordingly, defendant's third assignment of error is overruled.
 {¶ 49} Having overruled each of defendant's assignments of error, we affirm the order of the Franklin County Court of Common Pleas dismissing defendant's petition for post-conviction relief.
Judgment affirmed.
KLATT SADLER, JJ., concur.