OPINION
{¶ 1} Carl E. Turner, defendant-appellant, appeals from a judgment of the Franklin County Court of Common Pleas in which the court dismissed appellant's petition for post-conviction relief filed pursuant to R.C.2953.21. Appellant has also filed a motion to supplement the record.
 {¶ 2} On March 19, 2004, appellant was found guilty, pursuant to a bench trial, of kidnapping, which is a violation of R.C. 2905.01 and a second-degree felony, and gross sexual imposition, which is a violation of R.C. 2907.05 and a fourth-degree felony. The *Page 2 
convictions stemmed from events on the night of June 10, 2003, when appellant grabbed Erma Jean Pride, with whom he had gone on a few dates, pinned her on the floor of her apartment, touched her breasts, touched her vaginal area over her clothing, and lifted her over his shoulder before he eventually left the apartment. At the trial in January 2004, appellant presented the alibi that he was at work at the time of the offense. On March 19, 2004, the trial court sentenced appellant to four years incarceration for the kidnapping count and a concurrent sentence of one year incarceration on the gross sexual imposition count. Appellant appealed that judgment, and, on December 9, 2004, in State v.Turner, Franklin App. No. 04AP-364, 2004-Ohio-6609 (Turner I"), we affirmed the trial court.
 {¶ 3} While the appeal in Turner I was pending, appellant filed his first petition for post-conviction relief with the trial court on November 12, 2004. In the petition, appellant contended trial counsel was ineffective in: (1) failing to hire an investigator for appellant's case; and (2) persuading appellant to waive his right to a jury and proceed with a bench trial. The court held a hearing on appellant's contention that counsel was ineffective in advising appellant to waive his right to a jury trial, and, by judgment filed February 2, 2005, the trial court denied the petition in full. Appellant appealed that judgment, and, in State v. Turner, Franklin App. No. 05AP-220,2005-Ohio-6883 (Turner II"), we affirmed the trial court.
 {¶ 4} On March 10, 2005, appellant filed an application to reopen his appeal and the judgment of this court rendered in Turner I. Although appellant's application was untimely, we addressed the merits of the application in State v. Turner (June 14, 2005), Franklin App. No. 04AP-364 (Memorandum Decision) (Turner III"). In the application, appellant claimed that his appellate counsel was ineffective for failing to raise ineffective *Page 3 
assistance of trial counsel claims that involved his alibi defense, including that trial counsel should have called Brian Planicka, who was appellant's co-employee, and Marcia Osborne, another co-employee, as alibi witnesses. We denied appellant's application, finding that appellant could not show that he was deprived effective assistance of appellate counsel with respect to his claim that trial counsel was ineffective for failing to call Planicka and Osborne because the claims were premised upon materials that were not in the record on appeal.
 {¶ 5} On January 13, 2006, appellant filed a second petition for post-conviction relief, which is the subject of the present appeal. The petition was based upon the same ineffective assistance of trial counsel claims that were raised in the March 2005 application for reopening filed with this court. In support, appellant attached the following evidence to his petition: timesheets faxed from Planicka to appellant's trial counsel on July 30, 2003; a notice of alibi that was filed with the trial court on November 10, 2003, but never entered into the record by the clerk of courts; this court's decision from Turner III; a notice of filing of record, which had been filed with respect to appellant's appeal of his first post-conviction petition; a letter from appellant's trial counsel to appellant and part of a letter from appellant's trial counsel to appellant's appellate counsel; and affidavits from Osborne, dated February 15, 2005, and Ronald Cavin, a church pastor who claimed Planicka expressed profound disappointment to him that he was not asked to testify, dated February 16, 2005.
 {¶ 6} On February 10, 2006, the State of Ohio, plaintiff-appellee, filed a motion to dismiss appellant's second petition for post-conviction relief without a hearing. On August 15, 2006, the trial court issued a decision and entry granting the motion to dismiss *Page 4 
appellant's petition for post-conviction relief and denying appellant's petition for post-conviction relief. The trial court concluded that appellant failed to qualify under either exception set forth in R.C. 2923.23(A) for a court to consider a second or successive petition for post-conviction relief. Appellant appeals the judgment of the trial court, asserting the following assignments of error:
 [I.] THE TRIAL COURT COMMITTED PREJUDICIAL ERROR BY DENYING THE DEFENDANT-APPELLANT'S PETITIONS FOR POSTCONVICTION RELIEF WITHOUT CONDUCTING AN EVIDENTIARY HEARING BASED UPON PETITIONER'S CLAIMS OF INEFFECTIVE ASSISTANCE OF TRIAL COUNSEL.
 [II.] APPELLANT'S [sic] DID NOT RECEIVED [sic] THE EFFECTIVE ASSISTANCE OF COUNSEL, AS GUARANTEED BY THE SIXTH AMENDMENT WHEN HIS TRIAL COUNSEL FAILED TO FILE TIMELY NOTICE OF WRITTEN ALIBI, PURSUANT TO RULE 12.1.
 {¶ 7} We will address appellant's assignments of error together, as they are related. Appellant argues in his first assignment of error that the trial court erred when it denied his petition for post-conviction relief without conducting an evidentiary hearing. Appellant argues in his second assignment of error that he did not receive effective assistance of counsel when his trial counsel failed to file a timely notice of written alibi. A petition for post-conviction permits a court to reach constitutional issues that would otherwise be impossible to address because the evidence supporting those issues is not contained in the record of the petitioner's criminal conviction. Although designed to address claimed constitutional violations, the post-conviction relief process is a civil collateral attack on a criminal judgment, not an appeal of that judgment. State v. Steffen (1994), 70 Ohio St.3d 399,410. A petition for post-conviction relief, thus, does not provide *Page 5 
a petitioner a second opportunity to litigate his or her conviction.State v. Jackson (1980), 64 Ohio St.2d 107, 110.
 {¶ 8} A criminal defendant who seeks to challenge his conviction through a petition for post-conviction relief is not automatically entitled to an evidentiary hearing. State v. Calhoun (1999),86 Ohio St.3d 279, 282. Rather, before granting a hearing, the court first must determine whether there are substantive grounds for relief, and the petitioner bears the initial burden of submitting evidentiary documents containing sufficient operative facts demonstrating the lack of competent counsel, and that the defense was prejudiced by counsel's ineffectiveness. Id., at 282-283. In reviewing whether the trial court errs in denying a petitioner's motion for post-conviction relief without a hearing, the appellate court applies an abuse of discretion standard. See State v. Gondor, 112 Ohio St.3d 377, 2006-Ohio-6679, at ¶ 58 ("a trial court's decision granting or denying a postconviction petition filed pursuant to R.C. 2953.21 should be upheld absent an abuse of discretion"); State v. Holloman, Franklin App. No. 06AP-608,2006-Ohio-6789, at ¶ 7, citing State v. Campbell, Franklin App. No. 03AP-147, 2003-Ohio-6305, at ¶ 14. In order to find an abuse of discretion, we must determine the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219.
 {¶ 9} R.C. 2953.21 provides for petitions for post-conviction relief, and indicates, in pertinent part:
 (A)(1)(a) Any person who has been convicted of a criminal offense * * * and who claims that there was such a denial or infringement of the person's rights as to render the judgment void or voidable under the Ohio Constitution or the Constitution of the United States * * * may file a petition in the *Page 6 
court that imposed sentence, stating the grounds for relief relied upon, and asking the court to vacate or set aside the judgment or sentence or to grant other appropriate relief. The petitioner may file a supporting affidavit and other documentary evidence in support of the claim for relief.
 * * *
 (2) Except as otherwise provided in section 2953.23 of the Revised Code, a petition under division (A)(1) of this section shall be filed no later than one hundred eighty days after the date on which the trial transcript is filed in the court of appeals in the direct appeal of the judgment of conviction or adjudication * * *.
 * * *
 (C) * * * Before granting a hearing on a petition filed under division (A) of this section, the court shall determine whether there are substantive grounds for relief. In making such a determination, the court shall consider, in addition to the petition, the supporting affidavits, and the documentary evidence, all the files and records pertaining to the proceedings against the petitioner, including, but not limited to, the indictment, the court's journal entries, the journalized records of the clerk of the court, and the court reporter's transcript. * * *
 {¶ 10} In the present case, the trial court found that appellant's petition was a successive petition under R.C. 2953.23. Pursuant to R.C.2953.23(A)(1), a court may not entertain a second or successive petition unless the petitioner satisfies a two-pronged test by demonstrating that: (a) he was unavoidably prevented from discovering the facts upon which he bases his petition, or that the petitioner's claim is based upon a newly created federal or state right pursuant to R.C.2953.23(A)(1)(a); and (b) clear and convincing evidence demonstrates that no reasonable factfinder would have found him guilty in the absence of the alleged constitutional error pursuant to R.C. 2953.23(A)(1)(b). *Page 7 
 {¶ 11} With regard to the first prong under R.C. 2953.23(A)(1)(a), appellant did not assert his claim was based upon a newly created federal or state right. Thus, we need address only whether appellant was unavoidably prevented from discovering the facts upon which he based his successive petition. This exception in R.C. 2953.23(A)(1)(a) involves newly discovered evidence. See State v. Taylor, Highland App. No. 06CA20, 2007-Ohio-1185, at ¶ 8. The phrase "unavoidably prevented" in R.C. 2953.23(A)(1)(a) means that a defendant was unaware of those facts and was unable to learn of them through reasonable diligence. State v.McDonald, Erie App. No. E-04-009, 2005-Ohio-798, at ¶ 19. The "facts" contemplated by R.C. 2953.23(A)(1)(a) are the historical facts of the case, which occurred up to and including the time of conviction.State v. Czaplicki (May 29, 1998), Montgomery App. No. 16589. As indicated above, in support of his petition, appellant presented the following six pieces of evidence that he claims he was unavoidably prevented from discovering: (1) timesheets faxed from Planicka to appellant's trial counsel on July 30, 2003; (2) a notice of alibi filed with the trial court on November 10, 2003, in which appellant asserted that Planicka had information demonstrating appellant was at work at the time of the crime; (3) this court's decision from Turner III; (4) a notice of filing of record, which was filed with respect to appellant's appeal of his first post-conviction petition; (5) a letter from appellant's trial counsel to appellant and part of a letter from appellant's trial counsel to appellant's appellate counsel; and (6) affidavits from Osborne, dated February 15, 2005, and Ronald Cavin, a church pastor who claimed Planicka expressed profound disappointment to him that he was not asked to testify, dated February 16, 2005. *Page 8 
 {¶ 12} As to the documents Planicka faxed to appellant's trial counsel, these documents are timesheets from appellant's employer purporting to show appellant was working at the time of the crime in question. However, the timesheets were faxed on July 30, 2003, which was approximately six months prior to appellant's trial in January 2004. Further, as the original timesheets were presumably created extemporaneously with appellant's completed work, they were available to appellant on or about June 10, 2003. Under these circumstances, these documents were not newly discovered evidence because appellant was aware of the evidence or facts contained therein, even prior to the time of trial. See State v. McCleskey (Apr. 16, 1999), Montgomery App. No. 17419 (defendant's successive post-conviction petition failed to satisfy R.C.2953.23[A] because the facts the defendant relied upon in his successive petition were in existence and discoverable well before the time of his trial). Also, because the faxed documents were available 16 months prior to appellant's first post-conviction motion on November 12, 2004, not only is appellant's post-conviction relief barred by R.C.2953.23(A)(1)(a), but also by the doctrine of res judicata. The doctrine not only bars claims that could or should have been brought at trial or on direct appeal, but also claims that could or should have been brought in a first petition for post-conviction relief. See State v.Apanovitch (1995), 107 Ohio App.3d 82, 87; State v. Sopjack (Dec. 15, 1995), Geauga App. No. 93-G-1826 (if a defendant seeks to raise an issue in his second petition that could have been raised in his first petition, a trial court does not abuse its discretion in denying the petition when the defendant does not show good cause as to why the issue was not raised in the prior petition). Therefore, appellant was not unavoidably prevented from discovering the faxed *Page 9 
timesheets prior to his successive post-conviction motion, and he has failed to satisfy R.C. 2953.23(A)(1)(a) in this respect.
 {¶ 13} Similarly, the notice of alibi attached to appellant's present post-conviction motion was time-stamped by the clerk of courts as having been filed on November 10, 2003. Although the notice of alibi was apparently not included in the record on the initial appeal or recorded by the clerk of courts in its system, the time-stamped notice existed and was available to appellant at the time of trial in January 2004, and at the time of his first post-conviction petition on November 12, 2004. Further, appellant has been in possession of the notice of alibi since at least March 10, 2005, when he filed his application for reopening in this court with the notice of alibi attached. Thus, the existence of the notice of alibi was not newly discovered when appellant filed his second post-conviction motion. Also, the facts contained in the notice of alibi itself were not newly discovered, as appellant was aware that Planicka was in possession of documents that purported to show appellant was at work at the time of the crime.
 {¶ 14} Relatedly, with respect to the notice of filing of record submitted to this court in the appeal of appellant's first post-conviction petition, appellant attached such to his present post-conviction petition as proof that his counsel had not filed the written notice of alibi. It is true that the case history printout from the Franklin County Clerk of Courts, which was part of the notice of filing of record, gives no indication that the notice of alibi was ever filed in the trial court. However, appellant was not unavoidably prevented from discovering this fact. After November 10, 2003, the date time-stamped on the notice of alibi, it would have been apparent from a review of the case history that the notice of alibi had not been entered into the record by the clerk of courts. Further, a case history *Page 10 
printout from the clerk of courts was filed on May 18, 2004, with regard to the direct appeal of appellant's conviction, and this document likewise shows that the notice of alibi had not been included in the record. Therefore, not only were the facts contained in the case history printout discoverable prior to trial, but the information was discoverable by appellant in an identical case history printout as of May 2004. See State v. Gulertekin (June 8, 2000), Franklin App. No. 99AP-900 (because the information in the submitted evidence establishes facts discovered within the requisite 180-day time period, and arguably discoverable before appellant's trial, the defendant failed to satisfy the condition in R.C. 2953.23[A][1][a] that she was "unavoidably prevented" from timely discovering the facts). In addition, because appellant did not file his first petition for post-conviction relief until November 12, 2004, the fact that the notice of alibi had not been included in the record was discoverable by appellant prior to that time, and res judicata applies to the claim. For these reasons, appellant was not unavoidably prevented from discovering the facts contained in the notice of filing of record prior to the filing of the current post-conviction petition, and the notice of filing of record did not constitute newly discovered evidence.
 {¶ 15} With regard to this court's decision in Turner III, in which we denied appellant's application for reopening, appellant asserted in his present petition that he did not know his notice of alibi had not been included in the record until we indicated such in our decision. However, for the reasons already stated in the prior two paragraphs, we find that the decision from Turner III contains no facts that appellant was unavoidably prevented from discovering. With due diligence, appellant could have discovered that the notice of alibi had not been entered into the record of proceedings long before Turner III. *Page 11 
 {¶ 16} Appellant also attached to his present petition a letter from appellant's trial counsel to appellant and page two of a second letter from appellant's trial counsel to appellant's appellate counsel. In the first letter, appellant's trial counsel explained to appellant various issues, including the availability of a post-conviction petition based upon his ineffective assistance in failing to call Planicka as an alibi witness. However, the first letter was dated March 17, 2004, which was eight months prior to his first post-conviction petition on November 12, 2004, and nearly two years before appellant filed his second petition for post-conviction relief on January 13, 2006. Thus, the first letter was available for inclusion in appellant's first post-conviction motion, and there is no apparent reason why appellant could not have presented evidence of this letter at that time. Additionally, although the partial letter from appellant's trial counsel to appellant's appellate counsel is undated, it appears it was sent to appellate counsel around the same time as the first letter to aid appellate counsel in preparation of appellant's direct appeal. Regardless, appellant does not allege he was unavoidably prevented from discovering the facts contained in the second letter. Therefore, we find appellant was not unavoidably prevented from discovering either letter, and neither was newly discovered for purposes of his present post-conviction petition.
 {¶ 17} With regard to the affidavits of Osborne, dated February 15, 2005, and Cavin, dated February 16, 2005, appellant was not unavoidably prevented from discovering the facts contained in such. Osborne claimed in the affidavit that she was with appellant on the night of the crime in question and traveled to and from two job sites with him during the time the crime was committed. Appellant was clearly aware of Osborne prior to trial and his first post-conviction petition, given his claims to have been with her *Page 12 
during the period in question, and he was cognizant of the importance and relevance of her claims to his alibi. The affidavit of a witness who is "known to the defense at trial" does not fall under the exception of R.C. 2953.23(A) (1 )(a) as evidence that the defendant was unavoidably prevented from discovering. State v. Stanishia, Franklin App. No. 03AP-476, 2003-Ohio-6836, at ¶ 16. Also, information contained in an affidavit that establishes facts discoverable before trial fails to satisfy R.C. 2953.23(A)(1)(a). See Gulertekin, supra. Thus, the Osborne affidavit was not newly discovered evidence. As to Cavin, he averred that, prior to appellant's trial, he had a conversation with Planicka regarding evidence Planicka had in his possession. During this conversation, Planicka expressed disappointment and anger at not being subpoenaed to either testify or provide timesheets to show appellant's whereabouts at the time of the crime. However, absent from appellant's second petition was any explanation as to why he was unavoidably prevented from learning of Cavin's claims earlier and attaching an affidavit to his initial petition. Further, the facts contained in Cavin's affidavit — that Planicka had potentially exonerating evidence in the form of employee timesheets — had been known to appellant since the beginning of the case. Therefore, we find neither affidavit was newly discovered evidence for purposes of the present post-conviction petition.
 {¶ 18} For these reasons, we find the trial court did not err in denying appellant's petition for post-conviction relief without a hearing because appellant has failed to present any facts that he was unavoidably prevented from discovering. Because the two prongs set forth in R.C. 2953.23 are stated in the conjunctive, and we have found appellant failed to satisfy the first prong under R.C. 2953.23(A)(1)(a), we need not address whether appellant presented clear and convincing evidence demonstrating that no reasonable fact *Page 13 
finder would have found him guilty in the absence of the alleged constitutional error, pursuant to the second prong in R.C.2953.23(A)(1)(b). Therefore, appellant's first and second assignments of error are overruled.
 {¶ 19} Appellant has also filed a motion to supplement the record with various documents. However, the documents with which appellant seeks to supplement the record are the same documents discussed above, which appellant previously attached to the post-conviction motion at issue in the present appeal and are already a part of the record on appeal. Therefore, appellant's motion to supplement the record is denied.
 {¶ 20} Accordingly, appellant's first and second assignments of error are overruled, and the judgment of the Franklin County Court of Common Pleas is affirmed.
Judgment affirmed.
 SADLER, P.J., and PETREE, J., concur. *Page 1