[Cite as *State v. Christian*, 2017-Ohio-2677.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State of Ohio, | : | |
| Plaintiff-Appellee, | : | No. 16AP-857 |
| | | (C.P.C. No. 06CR-1391) |
| v. | : | |
| | | (ACCELERATED CALENDAR) |
| Alexander Christian, | : | |
| Defendant-Appellant. | : | |

D E C I S I O N

Rendered on May 4, 2017

**On brief:** *Ron O'Brien*, Prosecuting Attorney, and *Sheryl L. Prichard*, for appellee.

**On brief:** *Alexander Christian*, pro se.

APPEAL from the Franklin County Court of Common Pleas

LUPER SCHUSTER, J.

{¶ 1} Defendant-appellant, Alexander Christian, appeals from a decision and entry of the Franklin County Court of Common Pleas denying his motion to vacate the judgment of his conviction and sentence on one count of involuntary manslaughter with a firearm specification. For the following reasons, we affirm.

**I. Facts and Procedural History**

{¶ 2} By indictment filed March 10, 2006, plaintiff-appellee, State of Ohio, charged Christian with one count of murder in violation of R.C. 2903.02, an unclassified felony, with an accompanying firearm specification. The indictment followed an entry filed in the juvenile division of the trial court granting the state's motion to relinquish jurisdiction and bind Christian over to the general division of the trial court for prosecution. Christian was 17 years old on the date of the offense.

{¶ 3} Christian initially entered a plea of not guilty. However, on March 20, 2007, Christian entered a guilty plea to the stipulated lesser included offense of involuntary manslaughter with an accompanying firearm specification. The trial court conducted a sentencing hearing that same day and sentenced Christian to an aggregate prison term of 13 years to run consecutive to his sentence in Franklin C.P. No. 07CR-2086. The trial court journalized Christian's conviction and sentence in a March 29, 2007 judgment entry. Christian did not pursue a timely appeal from his conviction and sentence.

{¶ 4} On July 21, 2016, more than nine years after the judgment entry of his conviction, Christian filed a motion to vacate the judgment of his conviction and sentence. Christian argued the judgment against him is void because (1) he did not enter his plea knowingly due to his age, and (2) the trial court failed to make the necessary findings to support a conclusion that Christian's conduct was the proximate result of death. The state filed a memorandum contra on July 27, 2016. The trial court construed Christian's motion to vacate as a petition for postconviction relief and concluded Christian failed to present sufficient evidence to warrant a hearing on his postconviction petition. Thus, the trial court denied Christian's motion in a November 23, 2016 decision and entry. Christian timely appeals.

## II. Assignment of Error

{¶ 5} Christian assigns the following error for our review:

> Where a conviction is had by the commission of fraud upon the court the defendant-appellant as in this case is subject to having the case determined based on fraud upon the court as the trial court has abused its discretion.

## III. Discussion

{¶ 6} In his sole assignment of error, Christian argues the trial court erred in denying his motion to vacate the judgment of his conviction and sentence.

{¶ 7} As an initial matter, we note that the trial court properly construed Christian's motion as a petition for postconviction relief. *State v. Robinson*, 10th Dist. No. 15AP-798, 2016-Ohio-952, ¶ 6, citing *State v. Timmons*, 10th Dist. No. 11AP-895, 2012-Ohio-2079, ¶ 6. A petition for postconviction relief is a collateral attack on a criminal

judgment, not an appeal of the judgment. *State v. Sidibeh*, 10th Dist. No. 12AP-498, 2013-Ohio-2309, ¶ 8, citing *State v. Steffen*, 70 Ohio St.3d 399, 410 (1994). "[W]here a criminal defendant, subsequent to his or her direct appeal, files a motion seeking vacation or correction of his or her sentence on the basis that his or her constitutional rights have been violated, such a motion is a petition for postconviction relief as defined in R.C. 2953.21." *State v. Reynolds*, 79 Ohio St.3d 158, 160 (1997). A petition for postconviction relief " 'is a means to reach constitutional issues which would otherwise be impossible to reach because the evidence supporting those issues is not contained in the record.' " *Sidibeh* at ¶ 8, quoting *State v. Murphy*, 10th Dist. No. 00AP-233 (Dec. 26, 2000).

{¶ 8} A trial court's decision granting or denying a postconviction petition filed pursuant to R.C. 2953.21 should be upheld absent an abuse of discretion. *State v. Gondor*, 112 Ohio St.3d 377, 2006-Ohio-6679, ¶ 58. Further, we review a trial court's decision to deny a postconviction petition without a hearing under an abuse of discretion standard. *State v. Boddie*, 10th Dist. No. 12AP-811, 2013-Ohio-3925, ¶ 11, citing *State v. Campbell*, 10th Dist. No. 03AP-147, 2003-Ohio-6305, ¶ 14. An abuse of discretion connotes a decision that is unreasonable, arbitrary, or unconscionable. *Id.*, citing *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983).

{¶ 9} R.C. 2953.21, the statute governing postconviction proceedings, sets forth the time frame in which a petitioner must file a petition for postconviction relief. As relevant here, R.C. 2953.21(A)(2) provides that "[i]f no appeal is taken, except as otherwise provided in [R.C. 2953.23], the petition shall be filed no later than three hundred sixty-five days after the expiration of the time for filing the appeal." Christian did not file a direct appeal from the judgment entry of his conviction dated March 29, 2007. He then filed his motion to vacate judgment and sentence more than nine years later. Thus, Christian's petition for postconviction relief is untimely.

{¶ 10} There are certain limits to an untimely petition for postconviction relief. A trial court may not entertain an untimely postconviction petition unless the petitioner initially demonstrates either (1) he was unavoidably prevented from discovering the facts necessary for the claim for relief, or (2) the United States Supreme Court recognized a new federal or state right that applies retroactively to persons in the petitioner's situation. R.C. 2953.23(A)(1). If the petitioner can satisfy one of those two conditions, he must also

demonstrate that, but for the constitutional error at trial, no reasonable finder of fact would have found him guilty. R.C. 2953.23(A)(1)(b). These requirements are jurisdictional. *State v. Ruark*, 10th Dist. No. 15AP-142, 2015-Ohio-3206, ¶ 9, citing *State v. Hollingsworth*, 10th Dist. No. 08AP-785, 2009-Ohio-1753, ¶ 8.

{¶ 11} Here, Christian does not assert the United States Supreme Court has recognized a new federal or state right that applies retroactively to his situation. Accordingly, the trial court lacked jurisdiction to entertain Christian's untimely postconviction petition unless he demonstrated he was unavoidably prevented from discovering the facts necessary for his claim for relief, and that, but for a constitutional error, no reasonable factfinder would have found him guilty. *See* R.C. 2953.23(A)(1).

{¶ 12} In the context of an untimely petition for postconviction relief, the exception contained in R.C. 2953.23(A)(1)(a) involves newly discovered evidence. *State v. Turner*, 10th Dist. No. 06AP-876, 2007-Ohio-1468, ¶ 11. The phrase "unavoidably prevented" in R.C. 2953.23(A)(1)(a) means that a defendant was unaware of the relied upon facts and was unable to learn of them through reasonable diligence. *Id.* Moreover, the "facts" contemplated by R.C. 2953.23(A)(1)(a) are the historical facts of the case, which occurred up to and including the time of conviction. *Id.*

{¶ 13} Christian makes vague allegations that his trial resulted in a violation of his constitutional rights and that the state participated in a fraud upon the courts. However, as the trial court noted, Christian provides no evidence to support the claims in his petition, nor does he establish that he was unavoidably prevented from discovering any new evidence. Thus, Christian does not satisfy the minimum jurisdictional threshold of an untimely postconviction petition. Because Christian did not meet the requirements of R.C. 2953.23(A)(1), we need not address the applicability of R.C. 2953.23(A)(1)(b). *Ruark* at ¶ 13, citing *Turner* at ¶ 18.

{¶ 14} The trial court lacked jurisdiction to entertain Christian's petition because Christian failed to establish the applicability of an exception that would allow the trial court to consider his untimely petition. *State v. Russell*, 10th Dist. No. 05AP-391, 2006-Ohio-383, ¶ 7. Therefore, the trial court did not err in denying Christian's petition, although technically, the trial court should have dismissed the petition for lack of jurisdiction. *Ruark* at ¶ 14, citing *State v. Mangus*, 10th Dist. No. 06AP-1105, 2009-Ohio-

6563, ¶ 13. Further, because the trial court lacked jurisdiction to consider Christian's petition, it was not required to hold an evidentiary hearing. *Id.*, citing *State v. Burke*, 10th Dist. No. 02AP-677, 2002-Ohio-6840, ¶ 19. Accordingly, we overrule Christian's sole assignment of error.

## IV. Disposition

{¶ 15} Based on the foregoing reasons, the trial court did not err in denying Christian's untimely petition for postconviction relief, though technically the trial court should have dismissed the petition for lack of jurisdiction. Having overruled Christian's sole assignment of error, we affirm the judgment of the Franklin County Court of Common Pleas.

*Judgment affirmed.*

TYACK, P.J., and BROWN, J., concur.