OPINION
{¶ 1} Defendant-appellant, Robert N. Dixon ("appellant"), appeals from the judgment of the Franklin County Court of Common Pleas denying his petition for post-conviction relief. For the reasons set forth below, we affirm the judgment of the trial court.
 {¶ 2} A procedural summary of the underlying case follows. Appellant was convicted of the offense of felonious assault on October 13, 2000. He filed his appeal of right with this court on January 5, 2001. While the appeal of right was pending, appellant filed the petition for post-conviction relief, which is the subject of the instant appeal, with the trial court. The trial court held the matter in abeyance until the appeal was resolved.
 {¶ 3} On August 8, 2001, this court reversed appellant's conviction on his sole assignment of error, asserting that the trial court should have instructed the jury on the lesser included offense of aggravated assault. State v. Dixon (Aug. 21, 2001), Franklin App. No. 01AP-22. The Supreme Court of Ohio accepted the state's discretionary appeal. Statev. Dixon (2002), 94 Ohio St.3d 1438, 761 N.E.2d 45.
 {¶ 4} On December 4, 2002, a unanimous Supreme Court reversed this court's judgment, thereby reinstating appellant's convictions. State v.Dixon, 97 Ohio St.3d 244, 2002-Ohio-6298, 778 N.E.2d 1044. The Supreme Court's decision states, in its entirety, "The judgment of the court of appeals is reversed on the authority of State v. Shane (1992),63 Ohio St.3d 630, 590 N.E.2d 272."
 {¶ 5} The facts of the instant case, to be developed infra, are remarkably similar to Shane. In Shane, the defendant admitted choking his wife to death, but claimed he did so only after she provoked him by telling him she had been sleeping with other men and no longer cared for him. Defendant testified that he had never been so mad in his entire life, passed out, and did not remember anything further until he "came to" and found his wife underneath him, already strangled. The trial court instructed the jury on murder and voluntary manslaughter. The jury convicted defendant of murder, and the court of appeals affirmed his conviction. State v. Shane (May 15, 1991), Tuscarawas App. No. 90AP040030.
 {¶ 6} In Shane, the Supreme Court stated that where provocation is offered as a mitigating circumstance, the trial court must first apply an objective standard to determine as a matter of law "whether the provocation is reasonably sufficient to bring on sudden passion or a sudden fit of rage[.] * * * For provocation to be reasonably sufficient, it must be sufficient to arouse the passions of an ordinary person beyond the power of his or her control." Shane, at 634-635. The court held that words alone will not constitute reasonably sufficient provocation to incite the use of deadly force in most situations. Id., paragraph one of the syllabus. Though the court did not provide an example of a situation where words alone would constitute sufficient provocation, it did identify a situation where words alone would not constitute sufficient provocation:
* * * Words informing another of infidelity should not be given special treatment by courts trying to determine what provocation is reasonably sufficient provocation. The killing of a spouse (usually a wife) by a spouse (usually a husband) who has just been made aware of the victim spouse's adultery simply is not an acceptable response to the confession of infidelity.
Id. at 637.
 {¶ 7} After the Supreme Court upheld appellant's conviction, his petition for post-conviction relief was reinstated by agreement of the parties. The trial court denied appellant's petition for post-conviction relief without holding an evidentiary hearing, and this appeal ensued.
 {¶ 8} Appellant sets forth a single assignment of error:
The trial court committed reversible error by summarily dismissing Appellant's claim for post-conviction relief without conducting an evidentiary hearing as required by R.C. 2953.21(E).
 {¶ 9} Appellant was charged with one count of felonious assault in violation of R.C. 2903.11, a felony of the second degree, and with a specification charging appellant as a repeat offender in violation of R.C. 2941.149, based on his prior conviction for voluntary manslaughter. Testifying in his own behalf, appellant stated that on the morning of March 27, 2000, while he and his wife, Cheryl Dixon ("Cheryl"), were in bed, the phone rang and Cheryl answered it. Appellant claims he overheard a male voice, and heard Cheryl tell the caller to call back after appellant went to work. Appellant and Cheryl argued, and Cheryl told appellant to leave. The argument continued. At some point during the argument, appellant claims Cheryl told him, "I got another man and he's fucking me good." (Tr. at 107.) Appellant claims he then "blanked out" for a few moments and did not remember what occurred. Appellant claims his memory returned when Cheryl showed him a stab wound on her arm, at which point appellant left the house. (Id. at 108.) The medical evidence presented at trial showed that Cheryl was stabbed at least eight times.
 {¶ 10} In his petition for post-conviction relief, appellant claims he was denied his right to present a defense, his right to a fair trial, and his right to the effective assistance of counsel. These claims were not raised in appellant's appeal of right. He bases each of these claims on the fact that Denise McGhee ("McGhee") was subpoenaed to testify on appellant's behalf, but was not called at trial, and that no proffer of her testimony was made for the record. Appellant attached an affidavit from his trial counsel to his petition, in which counsel states he subpoenaed McGhee, but did not call her to testify as a witness because the trial judge indicated that McGhee would not be permitted to testify about an allegation that Cheryl had an extramarital affair. Appellant also submits an affidavit from McGhee, who states she was available at trial and willing to testify on appellant's behalf. McGhee avers she told appellant's trial counsel about the alleged affair. McGhee Affidavit, ¶ 2.
 {¶ 11} In State v. Campbell, Franklin App. No. 03AP-147, 2003-Ohio-6305, at ¶ 13-17, this court comprehensively reviewed the applicable legal standard to determine whether a trial court erred by denying a petition for post-conviction relief without holding a hearing:
The post-conviction relief process is a collateral civil attack on a criminal judgment, not an appeal of the judgment. * * *" It is a means to reach constitutional issues which would otherwise be impossible to reach because the evidence supporting those issues is not contained" in the trial court record. * * * Post-conviction review is not a constitutional right but, rather, is a narrow remedy which affords a petitioner no rights beyond those granted by statute. * * * A post-conviction relief petition does not provide a petitioner a second opportunity to litigate his or her conviction. * * * (Citations omitted.)
A defendant seeking to challenge a conviction or sentence through a petition for post-conviction relief under R.C. 2953.21 is not automatically entitled to a hearing. * * * In reviewing whether the trial court errs in denying a petitioner's motion for post-conviction relief without a hearing, the appellate court applies an abuse of discretion standard. * * * (Citations omitted.)
To warrant an evidentiary hearing on a petition for post-conviction relief, a petitioner bears the initial burden of providing evidence that demonstrates a cognizable claim of constitutional error. * * * As the Ohio Supreme Court noted in State v. Cole (1982), 2 Ohio St.3d 112, 113,443 N.E.2d 169, a trial court has a statutorily imposed duty to ensure a defendant presents evidence sufficient to warrant a hearing. The evidence must show "there was such a denial or infringement of the person's rights as to render the judgment void or voidable under the Ohio Constitution or the Constitution of the United States." * * * Pursuant to R.C. 2953.21(C), a defendant's petition for post-conviction relief may be denied by a trial court without holding an evidentiary hearing where the petition, the supporting affidavits, the documentary evidence, the files, and the records do not demonstrate that the petitioner set forth sufficient operative facts to establish substantive grounds for relief. * * * (Citations omitted.)
A trial court may also dismiss a petition for post-conviction relief without holding an evidentiary hearing when the claims raised in the petition are barred by the doctrine of res judicata. * * * "Res judicata is applicable in all post conviction relief proceedings." * * * Under the doctrine of res judicata, a defendant who was represented by counsel is barred from raising an issue in a petition for post-conviction relief if defendant raised or could have raised the issue at trial or on direct appeal. (Citations omitted.)
For a defendant to avoid dismissal of the petition by operation of res judicata, the evidence supporting the claims in the petition must be competent, relevant, and material evidence outside the trial court record, and it must not be evidence that existed or was available for use at the time of trial. (Citations omitted.)
 {¶ 12} In his direct appeal, appellant set forth a single assignment of error: whether the trial court's refusal to issue a jury instruction on aggravated assault was in error. Appellant did not claim that his trial counsel was ineffective in any manner. The trial court record clearly shows that McGhee was named as a potential witness, that a subpoena was issued, and that she did not testify at trial. Therefore, any claim of error based on whether McGhee should have testified either was, or should have been, known to appellant and could have been raised on direct appeal. Similarly, any claim of error based on the failure of appellant's trial counsel to proffer her testimony for the record also was, or should have been, known to appellant and could have been raised on direct appeal. Therefore, as the issue now raised by appellant for the basis of ineffective assistance of counsel could have been raised in his appeal of right, we find that res judicata bars further consideration of this issue. Campbell, supra.
 {¶ 13} Regardless of the doctrine of res judicata, appellant's claims do not constitute ineffective assistance of counsel. "A defendant does not state a claim for ineffective assistance of counsel unless his attorney acted unreasonably given the facts of the case, and the unreasonable conduct was prejudicial to the defense." State v. Mills
(1992), 62 Ohio St.3d 357, 370, 582 N.E.2d 972, certiorari denied, Millsv. Ohio (1992), 505 U.S. 1227, 112 S.Ct. 3048, citing Strickland v.Washington (1984), 466 U.S. 668, 690-692, 104 S.Ct. 2052. Thus, in order to successfully demonstrate ineffective assistance of counsel, appellant must overcome a strong presumption that, under the circumstances, the challenged action might be considered sound trial strategy. A reviewing court examines the performance of trial counsel with great deference, and must refrain from second-guessing counsel's strategic decisions. Statev. Carter (1995), 72 Ohio St.3d 545, 557-558, 651 N.E.2d 965, citingStrickland, at 689.
 {¶ 14} In her affidavit stating what her testimony would have been if called, McGhee states, "During and after April 2000, [McGhee's ex-boyfriend] was having an affair with Cheryl Dixon." McGhee Affidavit, ¶ 2. Appellant stabbed Cheryl on March 27, 2000. A spouse's confession of adultery is not reasonably sufficient provocation to transform a felonious assault into the inferior offense of aggravated assault,Shane, supra. Likewise, the testimony of a third person establishing the existence of an affair could not constitute provocation. Failing to raise meritless issues does not constitute ineffective assistance of counsel.State v. Hill (1996), 75 Ohio St.3d 195, 211, 661 N.E.2d 1068. See, also, State v. Elson (June 9, 1997), Stark App. No. 1996CA00142 (trial counsel did not err by failing to proffer expert testimony that the sight of appellant's ex-wife with her new paramour "caused extreme rage in appellant," as the testimony was inadmissible to show appellant's state of mind absent a showing that the victims did something to provoke appellant to use deadly force).
 {¶ 15} Ultimately, appellant's counsel did not call McGhee to testify. "Counsel's decision whether to call a witness falls within the rubric of trial strategy and will not be second-guessed by a reviewing court." State v. Matthews, Franklin App. No. 03AP-140, 2003-Ohio-6307, quoting State v. Treesh (2001), 90 Ohio St.3d 460, 489, 739 N.E.2d 749. The Supreme Court has ruled that appellant's provocation claim is based on words alone, and words alone are insufficient to justify his actions. See Nolan v. Nolan (1984), 11 Ohio St.3d 1, syllabus, 462 N.E.2d 410. Having reviewed McGhee's affidavit stating what her testimony would have been, and in light of the fact that her testimony was not relevant as a matter of law, we find the decision by appellant's trial counsel to not call McGhee as a witness was not objectively unreasonable or deficient. Additionally, appellant's counsel was under no obligation to proffer for the record the testimony of a witness he did not call.
 {¶ 16} In sum, as appellant's claims are barred by the doctrine of res judicata, the trial court was not required to hold an evidentiary hearing before ruling on the petition and did not err by doing so. State v.Szefcyk (1996), 77 Ohio St.3d 93, 671 N.E.2d 233, syllabus. Additionally, appellant's counsel did not provide ineffective assistance by either not calling McGhee as a witness at trial or by failing to proffer McGhee's testimony for the record. McGhee's testimony about an alleged affair could not have served to establish sufficient provocation to justify appellant's use of deadly force. We, therefore, overrule appellants single assignment of error and affirm the judgment of the Franklin County Court of Common Pleas.
Judgment affirmed.
Bowman and Petree, JJ., concur.