[Cite as *State v. Rodriguez*, 2016-Ohio-1090.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State of Ohio, | : | |
| Plantiff-Appellee, | : | No. 15AP-953 |
| | | (C.P.C. No. 94CR04-2488) |
| v. | : | |
| | | (REGULAR CALENDAR) |
| Julio Rodriguez, | : | |
| Defendant-Appellant. | : | |

D E C I S I O N

Rendered on March 17, 2016

**On brief**: *Ron O'Brien*, Prosecuting Attorney, and *Michael P. Walton*, for appellee.

**On brief:** *Julio Rodriguez*, pro se.

APPEAL from the Franklin County Court of Common Pleas

TYACK, J.

{¶ 1} Julio Rodriguez is appealing from the ruling of the Franklin County Court of Common Pleas in what was deemed to be a petition for postconviction relief. He assigns four assignments of error for our consideration:

> [I.] The Trial Court erred and abused its discretion by denying Defendant's clearly defined Motion to Correct and Illegal Conviction and Sentence based on Void Judgment Contrary to Law; as an untimely Petition for Postconviction relief.
>
> [II.] It is prejudicial error, an abuse of discretion and extreme judicial misconduct for a Judge to preside over criminal proceedings; and comment about nature of evidence and witnesses, and generally show bias and prejudice against Defendant; to ignore grounds for mistrial including prosecution's withholding of exculpatory evidence,

intimidating defense counsel and strong arm tactics; violation of separation of witnesses; improper Howard Charge; and failure to maintain presumption of innocence for Defendant in front of Jury. Lastly, at sentencing, Judge O'Neill showing clear bias, prejudice and lack of impartiality by stating on the Record, "I am notifying the Adult Parole Authority that I do not recommend that you be released on parole." Moreover, the Sentence was improper, without the benefit of a PSI, Judge O'Neill sentence Defendant to Seven (7) consecutive Life Sentences. The right of an accused to be tried by a fair and impartial Judge is a basic right of due process. See Tumey v. Ohio, 273 U.S. 510 (1927); In Re Murchison, 349 U.S. 133 (1955); Ward v. Village of Monroeville, 409 U.S. 57 (1972).

[III.] The Defendant's Convictions and Sentence are not supported by credible evidence and were tainted by prosecutorial misconduct and ineffective assistance of trial counsel; preventing Defendant from receiving due process and depriving him of a fair proceedings, and created a fundamental miscarriage of Justice which presents an extraordinary case of a constitutional violation as he is actually innocent, mandating relief at this time.

[IV.] The Trial Court erred and abused its discretion by running Appellant's sentences consecutively; without establishing a need for consecutive sentences under the mandate of the felony sentencing statues and the specific provisions of O.R.C. Section 2929.14 (E)(4). Moreover, one of the pivotal issues on appeal herein; whether trial courts need to make consecutive sentencing findings as required and place them in the Judgment Entry, is currently before the Ohio Supreme Court on a Certified Conflict. See State v. Sergent, 143 Ohio St. 3d 1476, 2015 Ohio 3958, 38 N.E. 2d 898 (2015). Accordingly, this case may be stayed pending a Decision by the Ohio Supreme Court. Nevertheless, the errors herein were apparent; it was error and an abuse of discretion, in and of itself, for trial court to deny Motion to Correct without any real review.

(Sic passim.)

{¶ 2}  Rodriguez was found guilty of seven rape charges in 1995. He pursued a direct appeal. A panel of this court affirmed the conviction and accompanying life sentences.

{¶ 3}   Rodriguez has filed a number of petitions for postconviction relief. None of them has changed his conviction or sentence.

{¶ 4}   The most recent filing by Rodriguez occurred in 2015. The trial court judge now assigned to his case deemed the filing to be an untimely petition for postconviction relief and denied relief. Rodriguez has once again appealed.

{¶ 5}   The trial court judge originally assigned to Rodriguez's case has now retired to private life. Any complaints Rodriguez has or had about the judge were or should have been addressed in prior court proceedings. Everything Rodriguez now complains about was before this appellate court 20 years ago. The doctrine of res judicata clearly applies. What was or should have been decided 20 or more years ago cannot and should not be overturned now.

{¶ 6}   The second, third, and fourth assignments of error are overruled.

{¶ 7}   Changing the title on a piece of paper filed with a court does not change the nature or the essence of the paper. The content of the piece of paper tells the court what the filing is. There is no serious dispute that Rodriguez is seeking relief from his multiple convictions many years after the convictions became fact. He is seeking postconviction relief.

{¶ 8}   The vehicle he is using to seek postconviction relief he now titles as a motion. His motion asks, or petitions, the trial court for relief. It is, in reality a petition for postconviction relief.

{¶ 9}   The Ohio legislature has placed strict limits on the time for the filing for postconviction relief. Rodriguez is well beyond the time the legislature has allocated for such filings.

{¶ 10} The trial court judge who reversed the "Motion to Correct an Illegal Conviction and Sentence based on Void Judgment Contrary to law" was correct to consider it a form of petition for postconviction relief and was correct to find it to be untimely.

{¶ 11} The first assignment of error is overruled.

{¶ 12} All four assignments of error having been overruled, the judgment of the trial court is affirmed.

*Judgment affirmed.*

BROWN and HORTON, JJ., concur.

————————————