[Cite as *State v. Knowles*, 2016-Ohio-2859.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

State of Ohio,                                          :

      Plaintiff-Appellee,                       :

                                 No. 15AP-991
v.                                                            :          (C.P.C. No. 04CR-4891)

Alawwal A. Knowles,                             :          (ACCELERATED CALENDAR)

      Defendant-Appellant.                    :

---

D E C I S I O N

Rendered on May 5, 2016

---

**On brief:** *Ron O'Brien*, Prosecuting Attorney, and *Seth L. Gilbert*, for appellee.

**On brief:** *Alawwal A. Knowles*, pro se.

---

APPEAL from the Franklin County Court of Common Pleas

SADLER, J.

{¶ 1} Defendant-appellant, Alawwal A. Knowles, appeals from a judgment of the Franklin County Court of Common Pleas, which overruled appellant's "Motion to Correct Void Sentence and Order A New Sentencing Hearing" based on res judicata. For the following reasons, we affirm.

## I. FACTS AND PROCEDURAL HISTORY

{¶ 2} On July 23, 2004, a grand jury indicted appellant on 13 counts of attempted murder with specifications, 13 counts of felonious assault with specifications, and 2 counts of failure to comply with an order or signal of a police officer. Appellant, represented by counsel, pled guilty on July 12, 2005 to 2 counts of felonious assault and 3 counts of attempted murder with firearm specifications, and the court entered a nolle

prosequi on the remaining counts. The prosecutor and defense did not jointly recommend a sentence, and a presentencing investigation report was ordered.

{¶ 3} On September 15, 2005, the trial court sentenced appellant to 39 years of prison, reflecting 9 years on the 3 gun specifications in addition to an aggregate 30-year term on the 5 counts, each which involved a separate victim. Appellant filed a notice of appeal on December 9, 2005. This court denied leave for delayed appeal, and the Supreme Court of Ohio subsequently declined to review the matter. Appellant filed a second notice of appeal on July 20, 2006, which this court again denied.

{¶ 4} Appellant filed a series of motions three years later. On March 7, 2008, appellant filed with the trial court a motion to withdraw his guilty plea, which the trial court denied on January 19, 2010. Appellant filed a notice of appeal of that decision on February 9, 2010, and he was appointed counsel. In *State v. Knowles*, 10th Dist. No. 10AP-119, 2011-Ohio-4477, this court issued a decision affirming the trial court decision. In doing so, we addressed appellant's allegations regarding inadequate notification of post-release control.

{¶ 5} Prior to resolution of that appeal, on June 29, 2010, appellant filed with the trial court a motion to vacate sentence, and, on September 30, 2011, filed a motion for correction of sentence, which the trial court denied on November 22, 2011. In doing so, the trial court construed the motion as an untimely petition for postconviction relief and held that resolution of the merits of the issue was barred by res judicata.

{¶ 6} On December 4, 2012, appellant filed a second motion to vacate sentence with the trial court, which the trial court again denied. Appellant filed his third motion to vacate sentence with the trial court on August 19, 2013, citing the trial court's alleged failure to sentence, pursuant to statutory guidelines and incorrect imposition of maximum and consecutive sentences, among other issues. The trial court denied the motion on September 6, 2013. Appellant filed a notice of appeal of this decision on October 2, 2013, but this court dismissed the appeal for failure to file a brief.

{¶ 7} On May 5, 2014, appellant filed an application to reopen his appeal, pursuant to App.R. 26(B), which this court denied on July 8, 2014. In our decision, we addressed appellant's assignment of error that "appellate counsel performed deficiently by failing to challenge the trial court's imposition of the 'maximum sentence' " and noted

that "appellate counsel did challenge to the propriety of appellant's sentence in his prior appeal to this court." *State v. Knowles*, 10th Dist. No. 10AP-119 (July 8, 2014) (memorandum decision). Accordingly, we overruled appellant's assignment of error. The Supreme Court declined to accept jurisdiction over appellant's ensuing appeal.

{¶ 8} Appellant filed the motion at the root of the present appeal, entitled "Motion to Correct Void Sentence and Order A New Sentencing Hearing," on September 22, 2015. The trial court overruled appellant's motion as a sentencing challenge "clearly barred by res judicata" in light of appellant's numerous previous motions regarding vacating his sentence, all which lacked merit, and this court's prior judgments. (Oct. 8, 2015 Decision, 2.) Appellant filed a timely appeal of the trial court's latest motion denial.

## II.  ASSIGNMENT OF ERROR

{¶ 9} Appellant assigns the following assignment as error:

> The trial court erred when it imposed a sentence that violates Blakely principles, Imposing a sentence on severed statutes.

## III.  DISCUSSION

{¶ 10} Under his assignment of error, appellant contends that his sentence was imposed in violation of *State v. Foster*, 109 Ohio St.3d 1, 2006-Ohio-856,[1] in regard to the trial court's imposition of non-minimum prison terms and consecutive sentences. As such, appellant believes his sentence is void and asks that his sentence be vacated and the case remanded for a new sentencing hearing.

{¶ 11} As a preliminary issue, appellant argues that his case is "still pending on direct review" and seeks to have his motion construed as a "direct review" of his original sentence, rather than a postconviction petition, as appellee suggests. (Appellant's Reply Brief, 1, 4.)

{¶ 12} "Pursuant to R.C. 2953.21(A)(1), an individual who has been convicted of a criminal offense may file a petition requesting that the court vacate or set aside the judgment or sentence based on a claim of denial or infringement of their rights that would render the judgment void or voidable under the Ohio or United States Constitution."

---

[1] Superseded by statute as discussed in *State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, and *State v. Sergent*, ___ Ohio St.3d ___, 2016-Ohio-2696, ¶ 34-37.

*State v. Souza*, 10th Dist. No. 15AP-87, 2015-Ohio-2541, ¶ 7. Motions to correct or vacate a sentence may properly be construed as petitions for postconviction relief. *See, e.g.,* *State v. Rodriguez*, 10th Dist. No. 15AP-953, 2016-Ohio-1090, ¶ 1, 7-8, 10 (construing "Motion to Correct an Illegal Conviction and Sentence based on Void Judgment Contrary to law" as a petition for postconviction relief); *State v. Reynolds*, 79 Ohio St.3d 158, 160 (1997) (construing motion to correct or vacate sentence as a petition for postconviction relief); *State v. Mason*, 10th Dist. No. 12AP-120, 2012-Ohio-4510 (citing multiple cases construing motions seeking to correct or vacate sentences as motions for postconviction relief); *State v. Holland*, 5th Dist. No. 09-CA-120, 2010-Ohio-226, ¶ 13 ("[W]e find Appellant's motion to amend sentence is a petition for post conviction relief as defined in R.C. 2953.21."). We agree with appellee and find appellant's motion to be a petition for postconviction relief under R.C. 2953.21. *Id.*

{¶ 13} Next, we must consider whether the petition is barred by res judicata, the basis of the trial court's decision. "Res judicata is applicable in all postconviction relief proceedings." *State v. Szefcyk*, 77 Ohio St.3d 93, 95 (1996). The doctrine "prevents repeated attacks on a final judgment and applies to issues that were or might have been previously litigated." *State v. Sappington*, 10th Dist. No. 09AP-988, 2010-Ohio-1783, ¶ 10. "[I]n criminal cases res judicata generally bars a defendant from litigating claims in a proceeding subsequent to the direct appeal 'if he or she raised or could have raised the issue at the trial that resulted in that judgment of conviction or on an appeal from that judgment.' " (Emphasis omitted.) *State v. Anderson*, 10th Dist. No. 15AP-897, 2016-Ohio-1089, ¶ 7, quoting *State v. Jackson*, 141 Ohio St.3d 171, 2014-Ohio-3707, ¶ 92. The doctrine is also applicable to bar claims in successive postconviction motions. *State v. Turner*, 10th Dist. No. 06AP-876, 2007-Ohio-1468, ¶ 12; *State v. Wooden*, 10th Dist. No. 02AP-473, 2002-Ohio-7363, ¶ 19-20; *State v. Muhumed*, 10th Dist. No. 11AP-1001, 2012-Ohio-6155, ¶ 13.

{¶ 14} Res judicata may not be used to prevent the correction of "void" sentences by way of postconviction motions. *Anderson* at ¶ 8. However, "res judicata still applies to other aspects of the merits of a conviction, including the determination of guilt and the lawful elements of the ensuing sentence." *State v. Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238, paragraph 3 of the syllabus. Thus, this court has applied res judicata where the

petitioner challenged a sentence over issues of merger and allied offenses, consecutive sentencing, and the retroactivity and application of *Foster*. *Souza* at ¶ 16; *State v. Thompkins*, 10th Dist. No. 12AP-1080, 2013-Ohio-3599, *discretionary appeal not allowed*, 137 Ohio St.3d 1443, 2013-Ohio-5678; *Rodriguez* at ¶ 1, 5; *State v. Thompkins*, 10th Dist. No. 08AP-454, 2008-Ohio-5373, ¶ 4, 12-13, *discretionary appeal not allowed*, 120 Ohio St.3d 1527, 2009-Ohio-614; *State v. Steward*, 10th Dist. No. 10AP-838, 2011-Ohio-2272, ¶ 22-23, *discretionary appeal not allowed*, 129 Ohio St.3d 1478, 2011-Ohio-4751.

{¶ 15} Applying these general principles here, we conclude that res judicata bars appellant's claim. In his motion, appellant raises issues he either did litigate previously or could have litigated previously.

{¶ 16} Accordingly, appellant's sole assignment of error is overruled.

## IV. CONCLUSION

{¶ 17} Having overruled appellant's sole assignment of error, we affirm the judgment of the Franklin County Court of Common Pleas.

*Judgment affirmed.*

BROWN and LUPER SCHUSTER, JJ., concur.

————————————————