[Cite as *State v. Chafiin*, 2021-Ohio-1383.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State of Ohio, | : | |
| Plaintiff-Appellee, | : | |
| | | No. 20AP-361 |
| v. | : | (C.P.C. No. 92CR-5404) |
| Russell Chafin, Jr., | : | (ACCELERATED CALENDAR) |
| Defendant-Appellant. | : | |

D E C I S I O N

Rendered on April 20, 2021

**On brief:** [*G. Gary Tyack*], Prosecuting Attorney, and *Barbara A. Farnbacher*, for appellee.

**On brief:** *Russell Chafin, Jr.*, pro se.

APPEAL from the Franklin County Court of Common Pleas

KLATT, J.

{¶ 1} Defendant-appellant, Russell Chafin, Jr., acting pro se, appeals the judgment of the Franklin County Court of Common Pleas denying his motion to amend or vacate the September 22, 1993 sentencing entry filed in his criminal case. For the following reasons, we affirm that judgment.

{¶ 2} This case has a lengthy procedural history. On September 20, 1993, appellant entered a counseled guilty plea to murder with a firearm specification, attempted burglary, and attempted abduction. In an entry filed September 22, 1993, the trial court sentenced appellant to consecutive terms of 15 years to life for the murder, 3 years actual incarceration for the firearm specification, 2 to 10 years for the attempted burglary, and 6 months for the attempted abduction. Appellant did not file a direct appeal of his conviction or sentence.

{¶ 3}   In 1996, appellant filed a pro se petition for postconviction relief pursuant to R.C. 2953.21 alleging several constitutional violations:  (1) ineffective assistance of counsel; (2) defective indictment;  (3) multiple sentences violated the Double Jeopardy Clause; (4) denial of his right to speedy trial; (5) prosecutorial misconduct; (6) prejudicial error by the trial court which deprived him of due process; and (7) unknowing and unintelligent guilty plea.  The trial court denied the petition without an evidentiary hearing.  On appeal, this court reversed and remanded, holding that the facts set forth in the trial court's judgment were not specific enough to permit meaningful appellate review.  *State v. Chafin*, 10th Dist. No. 97APA09-1181 (May 12, 1998).  On remand, the trial court again held that appellant's petition did not warrant an evidentiary hearing.  This court affirmed that judgment.  *State v. Chafin*, 10th Dist. No. 98AP-865 (Mar. 25, 1999).

{¶ 4}   In August 2003, appellant filed a pro se motion for leave to file a delayed appeal from his September 1993 conviction.  This court denied that motion.  *State v. Chafin*, 10th Dist. No. 03AP-789 (Sept. 16, 2003).

{¶ 5}   In February 2016, appellant filed a pro se postsentence motion to withdraw his guilty plea.  The trial court denied appellant's motion in August 2016, and this court dismissed his October 2016 appeal as untimely.  *State v. Chafin*, 10th Dist. No. 16AP-738 (Nov. 10, 2016).  We subsequently denied appellant's motion for leave to file a delayed appeal from the trial court's August 2016 judgment.  *State v. Chafin*, 10th Dist. No. 16AP-841 (Feb. 17, 2017).

{¶ 6}   In March 2017, appellant filed another pro se motion for leave to file a delayed appeal from his September 1993 conviction.  This court denied that motion.  *State v. Chafin*, 10th Dist. No. 17AP-209 (May 24, 2017).

{¶ 7}   In March 2019, appellant filed two pro se motions to vacate his conviction and sentence, claiming that he did not plead guilty to the firearm specification and that the trial court, outside his presence, altered the sentence imposed at the sentencing hearing on the attempted burglary charge from a two-year determinate sentence to an indefinite two-to-ten year sentence in the September 22, 1993 sentencing entry.  The trial court construed the motions as petitions for postconviction relief and denied them as untimely, barred by res judicata, and without merit.  This court subsequently dismissed appellant's untimely appeal.  *State v. Chafin*, 10th Dist. No. 19AP-586 (Sept. 20, 2019).  A second untimely

appeal was also dismissed. *State v. Chafin*, 10th Dist. No. 19AP-758 (Nov. 12, 2019). Appellant's motion for reconsideration of our November 12, 2019 dismissal was denied. *State v. Chafin*, 10th Dist. No. 19AP-758 (Dec. 3, 2019).

{¶ 8}   On May 20, 2020, appellant filed the document that is the subject of the present appeal.  In that document, titled "Motion to Amend Sentencing Judgment Entry to Make it Conform to Original Sentece [sic] or to Vacate Sentencing Judgment Entry and Remand Matter for Resentencing with Defendant and Counsel Present," appellant claimed that the trial court's September 22, 1993 sentencing entry altered the sentence imposed at the sentencing hearing from a two-year determinate sentence to an indefinite two-to-ten year sentence for attempted burglary and from a three-year sentence to three years' actual incarceration on the firearm specification.   Appellant argued that these sentence modifications denied him and his counsel the right to be present at all proceedings in violation of Crim.R. 43(A) and 44(A), respectively, and the United States and Ohio Constitutions.  The state filed a memorandum opposing the motion.

{¶ 9}   In a judgment entry filed June 11, 2020, the trial court construed appellant's filing as a petition for postconviction relief and denied it as a successive petition that the court lacked jurisdiction to review and barred by res judicata.

{¶ 10}  In a timely appeal, appellant advances two assignments of error for review:

> [I].  Did the trial court err to the prejudice of the appellant as a matter of law by failing to hold a hearing, pursuant to Crim.R. 43(A), when the uncontroverted evidence shows the trial court re-sentenced the appellant without appellant being present?
>
> [II].  Did the trial court err to the prejudice of the appellant as a matter of law by failing to appoint counsel during the critical stage of the criminal proceedings, pursuant to Crim.R. 44(A), when the uncontroverted evidence shows the trial court re-sentenced the appellant without counsel being present?

{¶ 11} Appellant's assignments of error essentially reassert the contentions raised in his May 20, 2020 filing.  Appellant does not advance any specific arguments regarding the trial court's characterization of his filing as a petition for postconviction relief or its denial of said petition as successive and barred by res judicata.  However, to the extent

appellant's assignments of error can be construed as raising such challenges, and in the interests of justice, we consider whether the trial court properly denied appellant's motion.

{¶ 12} Preliminarily, we find that the trial court properly construed appellant's motion to amend or vacate his sentence as a petition for postconviction relief. *State v. Knowles*, 10th Dist. No. 15AP-991, 2016-Ohio-2859, ¶ 12 (motions to correct or vacate a sentence may properly be construed as petitions for postconviction relief); *State v. Garnett*, 10th Dist. No. 12AP-594, 2013-Ohio-1210, ¶ 8 (construing motion to correct sentence as petition for postconviction relief); *State v. Carter*, 10th Dist. No. 13AP-4, 2013-Ohio-4058, ¶ 9 (motion to set aside conviction and sentence properly construed as petition for postconviction relief).

{¶ 13} " 'Pursuant to R.C. 2953.21(A)(1), an individual who has been convicted of a criminal offense may file a petition requesting that the court vacate or set aside the judgment or sentence based on a claim of denial or infringement of their rights that would render the judgment void or voidable under the Ohio or United States Constitution.' " *Knowles* at ¶ 12, quoting *State v. Souza*, 10th Dist. No. 15AP-87, 2015-Ohio-2541, ¶ 7. "The postconviction relief process is a collateral civil attack on a criminal judgment, not an appeal of the judgment." *State v. Martin*, 10th Dist. No. 06AP-798, 2007-Ohio-1844, ¶ 6, citing *State v. Steffen*, 70 Ohio St.3d 399, 410 (1994). "Postconviction relief is not a constitutional right, but rather, is a narrow remedy which affords a petitioner no rights beyond those granted by statute." *Id.*, citing *State v. Calhoun*, 86 Ohio St.3d 279, 281 (1999). "A postconviction petition does not provide a petitioner a second opportunity to litigate his conviction." *Id.*, citing *State v. Hessler*, 10th Dist. No. 01AP-1011, 2002-Ohio-3321, ¶ 32. Rather, " '[i]t is a means to reach constitutional issues which would otherwise be impossible to reach because the evidence supporting those issues is not contained' in the trial court record." *Id.*, quoting *State v. Murphy*, 10th Dist. No. 00AP-233 (Dec. 26, 2000).

{¶ 14} Under R.C. 2953.23(A), a trial court lacks jurisdiction to consider a successive postconviction petition unless the petitioner demonstrates one of the exceptions set forth in R.C. 2953.23(A)(1) or (2). *State v. Hairston*, 10th Dist. No. 13AP-225, 2013-Ohio-3834, ¶ 6, citing *State v. Turner*, 10th Dist. No. 06AP-876, 2007-Ohio-1468, ¶ 10; *State v. Conway*, 10th Dist. No. 17AP-504, 2019-Ohio-2260, ¶ 13-14. Appellant's May 20, 2020 petition, the fourth petition filed in his criminal case, requested the same relief and asserted

similar grounds for relief as his second and third petitions filed in March 2019: correction or vacation of his sentence based upon alleged discrepancies between the sentence imposed at the sentencing hearing and the sentence memorialized in the sentencing entry. Accordingly, appellant was required to demonstrate that one of the exceptions in R.C. 2953.23(A)(1) or (2) applied before the trial court had jurisdiction to consider his successive petition.

{¶ 15} "Pursuant to R.C. 2953.23(A)(1), a court may not entertain a second or successive petition unless the petitioner satisfies a two-pronged test by demonstrating that: (a) he was unavoidably prevented from discovering the facts upon which he bases his petition, or that the petitioner's claim is based upon a newly created federal or state right pursuant to R.C. 2953.23(A)(1)(a); and (b) clear and convincing evidence demonstrates that no reasonable factfinder would have found him guilty in the absence of the alleged constitutional error pursuant to R.C. 2953.23(A)(1)(b)." *Turner* at ¶ 10.

{¶ 16} With regard to the first prong under R.C. 2953.23(A)(1)(a), appellant did not assert his claim was based upon a newly created federal or state right. Thus, we need address only whether appellant was unavoidably prevented from discovering the facts upon which he based his successive petition. "The phrase 'unavoidably prevented' in R.C. 2953.23(A)(1)(a) means that a defendant was unaware of those facts and was unable to learn of them through reasonable diligence." *Id.* at ¶ 11, citing *State v. McDonald*, 6th Dist. No. E-04-009, 2005-Ohio-798, ¶ 19.

{¶ 17} Appellant supported his claim for relief with the 1993 sentencing transcript and entry. He also submitted an affidavit stating that he only agreed to plead guilty because his trial counsel advised him that the trial judge would sentence him to "a certain minimum sentence." (Appellant's May 4, 2020 affidavit attached to his May 20, 2020 filing, at ¶ 8.) He further asserted that he was never advised of his right to appeal and, in any event, had no reason to pursue an appeal because he had been assured by his attorney that he would serve the sentences imposed upon him at the sentencing hearing. He also averred that he was unaware of the disparity between the sentence imposed in open court and that imposed in the court's judgment entry until a "law clerk" reviewed the documents and apprised him of both the discrepancy and the fact that the trial court erred in altering his sentence without holding a resentencing hearing. (Appellant's May 4, 2020 affidavit attached to May 20,

2020 filing, ¶ 9.) Appellant's attachment of the 1993 sentencing materials to his petition and his reference to the review of those materials by the "law clerk" implies that he was not unavoidably prevented from discovering the facts underlying his claim for relief. Appellant does not explain when he obtained the sentencing materials or when the "law clerk" reviewed the documents and advised him of the sentencing issues. However, even if we were to find that appellant was unavoidably prevented from discovering the facts contained in the sentencing materials, appellant cannot satisfy the second part of the exception, that no reasonable factfinder would have found him guilty in the absence of the alleged constitutional error. R.C. 2953.23(A)(1)(b). Appellant made no such allegation and, more importantly, appellant was convicted pursuant to a guilty plea, not a trial. *Hairston*, 10th Dist. No. 13AP-225, 2013-Ohio-3834, at ¶ 8, citing *State v. Hamilton*, 10th Dist. No. 03AP-852, 2004-Ohio-3556, ¶ 4, and *State v. Clark,* 5th Dist. No. 2007 CA 00206, 2008-Ohio-194, ¶ 18. Accordingly, appellant has failed to establish either of the exceptions set forth in R.C. 2953.23(A)(1) which would permit the trial court to entertain his successive petition.

{¶ 18} R.C. 2953.23(A)(2) also permits a trial court to consider a successive petition for postconviction relief if the petitioner alleges that DNA results establish the petitioner's actual innocence. *Hairston* at ¶ 9. Appellant did not allege that DNA results established his actual innocence. Accordingly, this exception does not apply. *Id.*

{¶ 19} Because appellant failed to establish the applicability of one of the R.C. 2953.23(A) exceptions, the trial court lacked jurisdiction to entertain his latest petition for postconviction relief. *Id.* at ¶ 10, citing *State v. Yusuf*, 10th Dist. No. 08AP-751, 2009-Ohio-1328, ¶ 9.

{¶ 20} Moreover, not only is appellant's postconviction relief barred by R.C. 2953.23(A), it is also barred by the doctrine of res judicata. "Res judicata bars a defendant who was represented by counsel from asserting in a post-conviction petition an issue that could have been raised at trial or on appeal." *State v. Dixon*, 10th Dist. No. 10AP-75, 2010-Ohio-3894, ¶ 8, citing *State v. Smith*, 10th Dist. No. 09AP-46, 2009-Ohio-3244, ¶ 13; *Knowles*, 10th Dist. No. 15AP-991, 2016-Ohio-2859, at ¶ 13 (res judicata applies in postconviction relief proceedings); *State v. Myers*, 10th Dist. No. 05AP-228, 2005-Ohio-5998, ¶ 9 ("where an issue was or could have been raised on direct appeal, res judicata bars a defendant from raising and re-litigating that issue in proceedings under R.C. 2953.21").

Res judicata also applies to bar claims that could or should have been raised in an earlier petition for postconviction relief. *Knowles* at ¶ 13, citing *Turner*, 10th Dist. No. 06AP-876, 2007-Ohio-1468, at ¶ 12.

{¶ 21} As noted above, appellant supported his petition with citations to the 1993 sentencing transcript and entry, which are part of the trial court record. He did not cite any evidence outside the record in support of his petition. Because appellant could or should have raised the sentencing issues on direct appeal or in his three prior petitions for postconviction relief, res judicata barred him from asserting them in his fourth petition.

{¶ 22} Based on the foregoing, we conclude that the trial court did not err in denying appellant's successive petition for postconviction relief on grounds that he failed to establish the applicability of one of the exceptions in R.C. 2953.23(A) and that his claims were otherwise barred by res judicata, although technically, the trial court should have dismissed the petition for lack of jurisdiction. *Hairston*, 10th Dist. No. 13AP-225, 2013-Ohio-3834, at ¶ 10, citing *State v. Hamilton*, 10th Dist. No. 03AP-852, 2004-Ohio-3556, ¶ 9.

{¶ 23} Based upon the foregoing, appellant's first and second assignments of error are overruled, and the judgment of the Franklin County Court of Common Pleas is affirmed.

*Judgment affirmed.*

BEATTY BLUNT and MENTEL, JJ., concur.

———————————