[Cite as *State v. Gravely*, 2022-Ohio-2153.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

State of Ohio,                                          :

              Plaintiff-Appellee,          :

v.                                                            :

Michael T. Gravely,                            :

              Defendant-Appellant.        :

No. 22AP-17
(C.P.C. No. 08CR-3601)
&
No. 22AP-18
(C.P.C. No. 09CR-275)

(ACCELERATED CALENDAR)

D E C I S I O N

Rendered on June 23, 2022

**On brief:** *G. Gary Tyack*, Prosecuting Attorney, and *Darren M. Burgess*, for appellee. **Argued:** *Darren M. Burgess*.

**On brief:** *Moore & Yaklevich, W. Jeffrey Moore, Fitrakis & Gadell-Newton, LLC*, and *Constance A. Gadell-Newton*, for appellant. **Argued:** *W. Jeffrey Moore*.

APPEALS from the Franklin County Court of Common Pleas

SADLER, J.

{¶ 1} Defendant-appellant, Michael T. Gravely, appeals from an order of the Franklin County Court of Common Pleas denying his motion to vacate his sentences. For the following reasons, we affirm.

## I. FACTS AND PROCEDURAL HISTORY

{¶ 2} The facts leading to Gravely's convictions and sentences are described in our decision affirming his convictions on direct appeal. *State v. Gravely*, 188 Ohio App.3d 825, 2010-Ohio-3379, ¶ 2-20.[1] To briefly summarize, on April 30, 2008, officers of the

---

[1] Gravely filed a pro se application for reopening of his direct appeal, which this court denied by memorandum decision. *State v. Gravely*, 10th Dist. No. 09AP-440 (Dec. 14, 2010) (memorandum decision).

Columbus Police Department attempted to serve a search warrant at a house on East Rich Street in Columbus, Ohio, where an informant had purchased crack cocaine. *Id.* at ¶ 2-3. Gunshots were fired at the officers serving the warrant. *Id.* at ¶ 3-4. Ultimately, police officers were able to enter the house and conduct a search. Gravely was found in a second-floor apartment that had a different street number from the first-floor portion of the house. *Id.* at ¶ 8-9. After obtaining an additional search warrant, officers found drugs and drug paraphernalia in the second-floor apartment. *Id.* at ¶ 10.

{¶ 3} Based on the incident, Gravely was indicted on multiple charges in two criminal cases, which were joined for a jury trial conducted over two days in February 2009. *Id.* at ¶ 11-12, 16. The state presented evidence linking Gravely to drugs found in the house and to a firearm recovered from the basement of the house. *Id.* at ¶ 18. The jury found Gravely guilty of two counts of felonious assault with firearm specifications, one count of trafficking in cocaine, one count of possession of cocaine, one count of possession of cocaine with a major drug offender specification, and one count of possession of heroin. *Id.* at ¶ 20. The trial court also found Gravely guilty of one count of having a weapon while under disability. *Id.* As relevant to this appeal, at a sentencing hearing on April 1, 2009, the trial court imposed a four-year sentence on the major drug offender specification. The trial court also imposed consecutive sentences on the felonious assault convictions and imposed the sentences in one case consecutive to the sentences in the other case.

{¶ 4} Gravely timely appealed, asserting four assignments of error. *Id.* at ¶ 21. He challenged the denial of a motion to suppress evidence and a motion to sever the two indictments. *Id.* He also challenged the sufficiency of the evidence and claimed his convictions were against the manifest weight of the evidence. *Id.* at ¶ 21. This court affirmed the trial court's judgment. *Id.* at ¶ 51.

{¶ 5} In November 2017, Gravely moved for a nunc pro tunc order in one of his cases, seeking clarification of the mandatory portion of his sentence in that case. The state did not oppose Gravely's motion and the trial court granted the motion, issuing a nunc pro tunc order clarifying the mandatory portion of the sentence.

{¶ 6} In August 2021, Gravely moved to vacate the consecutive sentences imposed on him and the four-year sentence imposed on his major drug offender specification. Gravely argued the consecutive sentences were void because the trial court did not make

findings of fact relative to the necessity of consecutive sentences. He also argued the four-year sentence for the major drug offender specification was void because the Supreme Court of Ohio had held the portion of the statute authorizing that penalty to be unconstitutional. The trial court denied Gravely's motion to vacate, concluding the sentencing errors he alleged, if true, would render his sentences voidable and therefore his claims were barred by res judicata because he did not assert them on direct appeal.

## II.  ASSIGNMENT OF ERROR

{¶ 7}  Gravely assigns the following as trial court error:

[1] THE TRIAL COURT BELOW ERRED TO THE PREJUDICE OF APPELLANT MICHAEL T. GRAVELY BY OVERRULING HIS MOTION TO VACATE HIS SENTENCE.

## III.  LEGAL ANALYSIS

{¶ 8}  Both of Gravely's claims implicate changes during the past three decades to Ohio law governing judicial fact-finding in sentencing. The Supreme Court summarized those changes as follows:

In 1996, the General Assembly limited trial court discretion to impose consecutive sentences by directing courts to make statutorily enumerated findings and to give supporting reasons for doing so at the time of sentencing. Am.Sub.S.B. No. 2, 146 Ohio Laws, Part IV, 7136. However, in accordance with decisions from the United States Supreme Court, this court held in *State v. Foster*, 109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470, that requiring judicial fact-finding prior to imposing consecutive sentences violated the Sixth Amendment guarantee of trial by jury. We therefore severed the requirement of judicial fact-finding from the statute, struck the presumption in favor of concurrent sentences and held that judges had discretion to impose consecutive sentences.

Subsequent to our decision in *Foster*, however, the United States Supreme Court issued *Oregon v. Ice*, 555 U.S. 160, 129 S.Ct. 711, 172 L.Ed.2d 517 (2009), holding that a statutory requirement for judges in a jury trial to find certain facts before imposing consecutive sentences is constitutional. Accordingly, in *State v. Hodge*, 128 Ohio St.3d 1, 2010-Ohio-6320, 941 N.E.2d 768, we held that *Ice* did not automatically revive the consecutive-sentencing provisions held unconstitutional and severed from the statute in *Foster*, and as a result, we stated that judicial fact-finding would not be required prior to imposing consecutive sentences unless the General Assembly

> enacted new legislation requiring the court to make findings when imposing consecutive sentences.
>
> Subsequent to *Hodge*, the General Assembly enacted Am.Sub.H.B. No. 86, effective September 30, 2011, reviving some of the statutory language we severed in *Foster*. That legislation created a statutory presumption in favor of concurrent sentences and further directed courts to make statutorily enumerated findings prior to imposing consecutive sentences, but it did not require courts to give reasons in support of its findings.

*State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, ¶ 2-4. Regarding the penalty that could be imposed for a major drug offender specification, *Foster* declared that R.C. 2929.14(D)(3)(b), which permitted a trial court to impose an additional prison term of up to ten years based on certain conditions, was unconstitutional because it required judicial fact-finding before the additional term could be imposed. *State v. Chandler*, 109 Ohio St.3d 223, 2006-Ohio-2285, ¶ 17 ("As the statute now stands, a major drug offender still faces the mandatory maximum ten-year sentence that the judge must impose and may not reduce. Only the add-on that had required judicial fact finding has been severed.").

{¶ 9} Gravely argues the consecutive sentences imposed by the trial court in his case were unconstitutional because the court failed to make the findings required for consecutive sentences. Gravely asserts Am.Sub.H.B. No. 86 overruled *Foster* and had the effect that judicial fact-finding for consecutive sentences "was never deemed unconstitutional." (Appellant's Brief at 10.) Gravely claims that even if the General Assembly did not intend Am.Sub.H.B. No. 86 to be retroactive, by overruling the *Foster* decision, the legislation "mean[t] that *Foster* was never the law, and that judicial fact-finding * * * for consecutive sentencing was never deemed unconstitutional." (Appellant's Brief at 10.) In support of this claim, Gravely cites the dissenting opinion in *Hodge*. Gravely also argues the four-year sentence imposed by the trial court for the major drug offender specification was unconstitutional because *Foster* had severed the portion of the statute providing for that penalty.

{¶ 10} We need not reach the merits of Gravely's claims, however, because they are barred by res judicata. " 'Res judicata bars a defendant who was represented by counsel from asserting in a post-conviction petition an issue that could have been raised at trial or

on appeal.' " *State v. Chafin*, 10th Dist. No. 20AP-361, 2021-Ohio-1383, ¶ 20, quoting *State v. Dixon*, 10th Dist. No. 10AP-75, 2010-Ohio-3894, ¶ 8. The doctrine "also applies to bar claims that could or should have been raised in an earlier petition for postconviction relief." *Id.* Gravely asserts the major drug offender specification penalty was found unconstitutional by *Foster*, which was decided in 2006; therefore, he could have raised this argument in his direct appeal filed in 2009. Similarly, Gravely argues Am.Sub.H.B. No. 86 made his consecutive sentences unconstitutional. Because Am.Sub.H.B. No. 86 became effective in 2011, Gravely could have raised this argument in the postconviction motion he filed in 2017.[2]

{¶ 11} To avoid the effect of res judicata, Gravely asserts his sentences are void. "[A]n exception to the application of res judicata applies to void judgments." *State v. Davis*, 10th Dist. No. 19AP-419, 2019-Ohio-4956, ¶ 10. *See also State v. Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238, ¶ 40 ("[V]oid sentences are not precluded from appellate review by principles of res judicata and may be reviewed at any time, on direct appeal or by collateral attack.") However, Gravely's argument misconstrues the distinction between void and voidable sentences. The Supreme Court recently clarified this issue, returning to a "traditional understanding of the distinction between void and voidable sentences." *State v. Henderson*, 161 Ohio St.3d 285, 2020-Ohio-4784, ¶ 1; *see also State v. Robinson*, 10th Dist. No. 20AP-562, 2021-Ohio-2572, ¶ 9 (discussing realignment of void-sentence doctrine). The *Henderson* decision held that "[a] judgment or sentence is void only if it is

---

[2] Notwithstanding res judicata, Gravely's arguments are not well-taken. Gravely was sentenced in April 2009, after *Foster* had severed the judicial fact-finding requirement for consecutive sentences and before that requirement was revived by Am.Sub. H.B. No. 86. We have previously held that Am.Sub.H.B. No. 86 did not apply retroactively to defendants like Gravely, who were sentenced prior to the effective date of the legislation. *See State v. Hughes*, 10th Dist. No. 12AP-165, 2012-Ohio-4513, ¶ 13, quoting *State v. King*, 5th Dist. No. CT12-0018, 2012-Ohio-4070, ¶ 26 ("As found by the trial court, however, appellant was sentenced prior to the effective date of H.B. No. 86, and the provisions of H.B. No. 86 are 'not to be applied retroactively.' "); *State v. Greenberg*, 10th Dist. No. 12AP-11, 2012-Ohio-3975, ¶ 9 ("Because defendant's sentence was already imposed at the time H.B. No. 86 became effective on September 30, R.C. 1.58(B) does not assist defendant in making H.B. No. 86 apply to his sentence."). As noted above, Gravely cites the dissenting opinion in *Hodge* to support his theory that Am.Sub.H.B. No. 86 had retroactive effect even if not intended by the General Assembly, but he offers no controlling authority to support that argument, which a majority of the Supreme Court of Ohio rejected. With respect to the major drug offender specification, we have "rejected the argument that *Foster* severed former R.C. 2929.14(D)(3)(b) in its entirety." *State v. Reed*, 10th Dist. No. 11AP-792, 2012-Ohio-1612, ¶ 10. Our decision in *Reed* held that only the portion of the statute requiring judicial fact-finding was severed and that " 'trial courts could continue to impose the add-on sentence where the jury had found the defendant to be a major drug offender as defined by statute.' " *Id.*, quoting *State v. Pena*, 10th Dist. No. 06AP-688, 2007-Ohio-4516, ¶ 20.

rendered by a court that lacks subject-matter jurisdiction over the case or personal jurisdiction over the defendant." *Id.* at ¶ 43. "If [a] court has jurisdiction over the case and the person, any sentence based on an error in the court's exercise of that jurisdiction is voidable." *Id.*

{¶ 12} Common pleas courts are vested with subject-matter jurisdiction over felony cases. *Henderson* at ¶ 35. A court acquires personal jurisdiction in a criminal matter "by lawfully issued process, followed by the arrest and arraignment of the accused and his plea to the charge." *Id.* at ¶ 36. In this case, it is undisputed that the trial court had subject-matter jurisdiction over the charges against Gravely and personal jurisdiction over him. Accordingly, any error in the exercise of the trial court's jurisdiction rendered Gravely's sentence voidable, not void.[3] *See Robinson* at ¶ 10. The errors Gravely alleges, if true, would render his sentences voidable, not void. Gravely could have raised these claims on direct appeal or in his earlier postconviction motion; because he did not, they are barred by res judicata, and the trial court did not err by denying his motion to vacate. Accordingly, we overrule Gravely's sole assignment of error.

## IV. CONCLUSION

{¶ 13} For the foregoing reasons, we overrule Gravely's sole assignment of error and affirm the judgment of the Franklin County Court of Common Pleas.

*Judgment affirmed.*

KLATT and MENTEL, JJ., concur.

_____

---

[3] We note that even before the Supreme Court's realignment of the void-sentence doctrine, courts held that errors in imposition of consecutive sentences did not render those sentences void. *See State v. Smith*, 8th Dist. No. 108499, 2020-Ohio-1026, ¶ 14 ("Any issues regarding Smith's consecutive sentence are not properly before this court because Smith failed to raise them in the trial court. Moreover, errors in law, including the erroneous imposition of consecutive sentences, that were raised or could have been raised on a direct appeal, are barred by res judicata."); *State v. Price*, 10th Dist. No. 17AP-314, 2017-Ohio-7496, ¶ 5 ("Appellant first argues that his sentences should be vacated because the trial court did not make the required findings in order to impose consecutive sentences. We disagree, as res judicata bars appellant from making this argument."); *State v. Krisha*, 11th Dist. No. 2015-L-125, 2016-Ohio-3512, ¶ 21 ("Errors in the imposition of consecutive sentences, such as the failure to make the required statutory findings, render the sentences voidable, rather than void.").