[Cite as *State v. Mobley*, 2022-Ohio-3824.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

State of Ohio, :

    Plaintiff-Appellee, : No. 21AP-162
(C.P.C. No. 16CR-2061)

v. :

    (ACCELERATED CALENDAR)

Alphonso D. Mobley, Jr., :

    Defendant-Appellant. :

D E C I S I O N

Rendered on October 27, 2022

**On brief:** *G. Gary Tyack*, Prosecuting Attorney, and *Seth L. Gilbert,* for appellee.

**On brief:** *Alphonso D. Mobley*, *Jr.*, pro se.

APPEAL from the Franklin County Court of Common Pleas

MENTEL, J.

{¶ 1} Defendant-appellant, Alphonso D. Mobley, Jr., appeals from the decision of the Franklin County Court of Common Pleas denying his petition for postconviction relief. Because the trial court correctly concluded that Mr. Mobley failed to overcome the jurisdictional bar to filing an untimely petition under R.C. 2953.23(A), we overrule his assignment of error and affirm the trial court's judgment.

## I. FACTS AND PROCEDURAL HISTORY

{¶ 2} On May 1, 2017, Mr. Mobley entered a plea of guilty to one count of aggravated arson with a firearm specification in violation of R.C. 2909.02 and one count of criminal use of an explosive device in violation of 2909.27. The parties jointly recommended a total prison term of fourteen years, which the trial court adopted and imposed. (May 1, 2017 Plea; May 1, 2017 Jgmt. Entry.)

{¶ 3} On December 2, 2020, Mr. Mobley filed a petition for postconviction relief as well as another motion captioned "Motion for Leave [to] Amend Petition for Post-Conviction Relief, pursuant to R.C. 2953.21(G); Or to file Successive Petition for Post-Conviction Relief pursuant to 2953.23." (Emphasis sic.) The trial court denied the relief Mr. Mobley requested on March 10, 2021, finding that Mr. Mobley had failed to satisfy the requirements of R.C. 2953.23(A) that apply to successive and untimely petitions for postconviction relief. The trial court also ruled that res judicata barred postconviction relief because Mr. Mobley had "offer[ed] no explanation for why his instant arguments were not or could not have been raised on direct appeal or in his prior filings."[1] (Mar. 10, 2021 Entry at 3.)

## II. ASSIGNMENT OF ERROR

{¶ 4} On April 15, 2021, Mr. Mobley filed a notice of appeal. He asserts the following assignment of error:

> Did the trial court err as a matter of law when it denied Appellants motion for leave to filed successive petition for post-conviction relief? (Emphasis sic.)

## III. LEGAL ANALYSIS

{¶ 5} A trial court lacks subject-matter jurisdiction over an untimely or successive petition for postconviction relief unless the petition satisfies the criteria set forth under R.C. 2953.23(A). *State v. Apanovitch*, 155 Ohio St.3d 358, 2018-Ohio-4744, ¶ 36 ("a petitioner's failure to satisfy R.C. 2953.23(A) deprives a trial court of jurisdiction to adjudicate the merits of an untimely or successive postconviction petition"). Because "the question [of] whether a court of common pleas possesses subject-matter jurisdiction to entertain an untimely petition for postconviction relief is a question of law," an appellate court applies a de novo standard of review to the trial court's determination. *Id.* at ¶ 24.

{¶ 6} "A postconviction proceeding is not an appeal of a criminal conviction, but, rather, a collateral civil attack on the judgment." *State v. Steffen*, 70 Ohio St.3d 399, 410 (1994). The postconviction relief process "is a means to reach constitutional issues which would otherwise be impossible to reach because the evidence supporting those issues is not

---

[1] The trial court also denied a motion for relief from judgment under Civ.R. 60(B) filed by Mr. Mobley, which he has not assigned as error in this appeal.

contained in the record of the petitioner's criminal conviction." *State v. Murphy*, 10th Dist. No. 00AP-233, 2000 Ohio App. LEXIS 6129, at *5 (Dec. 26, 2000), citing *State v. Jackson*, 64 Ohio St.2d 107, 413 (1980).

{¶ 7} R.C. 2953.21(A)(1)(a) sets forth a number of circumstances under which a petitioner may seek postconviction relief. However, the statute allows only a limited time to file a petition for postconviction relief, which "shall be filed no later than three hundred sixty-five days after the date on which the trial transcript is filed in the court of appeals in the direct appeal of the judgment of conviction or adjudication" challenged by the petition. R.C. 2953.21(A)(2). This restriction is jurisdictional, as "a court may not entertain a petition filed after the expiration of" that time period "or a second petition or successive petitions for similar relief" by the petitioner. R.C. 2953.23(A); *Apanovitch* at ¶ 36. The statute only allows the filing of an untimely or successive petition that satisfies both of the following requirements:

> (a) Either the petitioner shows that the petitioner was unavoidably prevented from discovery of the facts upon which the petitioner must rely to present the claim for relief, or, subsequent to the period prescribed in division (A)(2) of section 2953.21 of the Revised Code or to the filing of an earlier petition, the United States Supreme Court recognized a new federal or state right that applies retroactively to persons in the petitioner's situation, and the petition asserts a claim based on that right.
>
> (b) The petitioner shows by clear and convincing evidence that, but for constitutional error at trial, no reasonable factfinder would have found the petitioner guilty of the offense of which the petitioner was convicted or, if the claim challenges a sentence of death that, but for constitutional error at the sentencing hearing, no reasonable factfinder would have found the petitioner eligible for the death sentence.

R.C. 2953.23(A)(1).

{¶ 8} The R.C. 2953.23(A)(1) exception to the prohibition on untimely or successive petitions does not apply to a petitioner attacking a conviction resulting from a guilty plea. *State v. Hairston*, 10th Dist. No. 13AP-225, 2013-Ohio-3834, ¶ 8; *State v. Chafin*, 10th Dist. No. 20AP-361, 2021-Ohio-1383, ¶ 17. The plain language of R.C. 2953.23(A)(1)(b) demands a demonstration of "constitutional error at trial," which can

never be shown by a defendant who did not go to trial. *See Hairston* ¶ 8 (noting that "appellant cannot satisfy the second part of the exception" because he "was convicted pursuant to his guilty plea, not a trial"). Because Mr. Mobley pleaded guilty and did not go to trial, he cannot avail himself of the statutory exception for untimely petitions. Mr. Mobley's brief is devoted to arguing that he would have "chosen to go to trial" instead of entering a plea, had he had access to documents that he obtained pursuant to a public records request. (Appellant's Brief at 15.) Be that as it may, because he did not actually go to trial, Mr. Mobley cannot seek a postconviction remedy that exclusively applies to those who did. The sole assignment of error is overruled.

## IV. CONCLUSION

{¶ 9}  Having overruled appellant's sole assignment of error, we affirm the judgment of the Franklin County Court of Common Pleas.

*Judgment affirmed.*

KLATT and DORRIAN, JJ., concur.

————————————————