[Cite as *State v. Michie*, 2026-Ohio-163.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State of Ohio, | : | |
| Plaintiff-Appellee, | : | |
| | | No. 25AP-299 |
| v. | : | (C.P.C. No. 17CR-4752) |
| Tyrone Michie, | : | (REGULAR CALENDAR) |
| Defendant-Appellant. | : | |

D E C I S I O N

Rendered on January 20, 2026

**On brief:** *Shayla D. Favor*, Prosecuting Attorney, and *Jeffrey D. Devereaux*, for appellee.

**On brief:** *Tyrone Michie*, pro se.

APPEAL from the Franklin County Court of Common Pleas

BOGGS, P.J.

{¶ 1} Defendant-appellant, Tyrone Michie, appeals the judgment of the Franklin County Court of Common Pleas denying his postconviction motions to withdraw his guilty plea and to vacate or set aside his sentence for lack of subject-matter jurisdiction. Because Michie's motions are barred by the doctrine of res judicata, we affirm the trial court's judgment.

## I. BACKGROUND

{¶ 2} Michie was indicted in August 2017 on one count of possession of cocaine and one count of aggravated possession of drugs after police executed a search warrant on Michie's apartment and seized approximately 4 kilograms of cocaine and 740 grams of methamphetamine. Michie was arrested shortly thereafter following a traffic stop. During pretrial proceedings, the state notified Michie it might file additional charges against him for engaging in a pattern of corrupt activity and possession of drugs.

{¶ 3}    In May 2018, Michie pled guilty to possession of cocaine and possession of drugs, a stipulated lesser-included offense of aggravated possession of drugs.  As part of the negotiated plea agreement, the state agreed not to pursue additional charges against Michie.  Michie signed a plea form, indicating he was satisfied with his counsel's advice and legal representation.  The trial court engaged in a Crim.R. 11 colloquy with Michie before accepting his guilty plea.  At his sentencing hearing in June 2018, the trial court sentenced Michie to an aggregate mandatory prison term of 16 years.  Michie did not appeal his conviction and sentence.

{¶ 4}    Since then, Michie has filed a litany of pro se postconviction collateral challenges to his conviction.  Michie initially filed a petition for postconviction relief on March 14, 2019, claiming he received ineffective assistance of counsel leading up to his plea.  He argued that his attorney was ineffective for not filing a motion to suppress evidence obtained as a result of his detention and arrest by police shortly after the search of his apartment, from which the police seized the drugs underlying his charges.  Michie claimed his detention and arrest could not be justified as incident to the execution of the search warrant because he was not present where the search occurred.  Michie also argued that his trial counsel was ineffective by failing to request that the search warrant be unsealed, to review it for any defects before advising him to plead guilty.  The state opposed and moved to dismiss Michie's petition for postconviction relief.  It argued that Michie's arrest was properly premised on probable cause and occurred in a public place, independent of the execution of the search warrant.  The state also argued that Michie provided no evidentiary material in support of his claim of his counsel's ineffectiveness.  The trial court denied Michie's petition without a hearing, holding that Michie failed to make a showing of ineffective assistance of counsel and stating that Michie's constitutional claims were barred by res judicata.

{¶ 5}    This court affirmed the trial court's judgment denying Michie's initial petition for postconviction relief.  *State v. Michie*, 2020-Ohio-3152 (10th Dist.).  The majority of the appellate panel held that, "because the evidentiary materials that Michie attached to his postconviction petition [d]o not demonstrate that he had a successful Fourth Amendment claim, his counsel was not ineffective for choosing not to file a motion to suppress."  *Id.* at ¶ 13.  In her concurring decision, Judge Luper Schuster wrote that Michie's arguments in

his petition for postconviction relief were barred by res judicata. *Id*. at ¶ 16 (Luper Schuster, J., concurring).

{¶ 6} Next, on May 5, 2020, Michie filed a motion to vacate or set aside his sentence for lack of subject-matter jurisdiction, in which he argued that noncompliance with Fed.R.Crim.P. 41 stripped the trial court of jurisdiction. Michie argued that the search warrant, which he claims was based on federal probable cause, was void ab initio and that everything that followed was a nullity. He further argued that his trial counsel was ineffective for failing to raise lack of subject-matter jurisdiction as a defense.

{¶ 7} The trial court dismissed Michie's May 5, 2020 motion as an untimely, successive petition for postconviction relief and alternatively denied the motion on the merits. The trial court held that Michie failed to demonstrate grounds for an untimely or successive petition for postconviction relief, inasmuch as he failed to demonstrate he was unavoidably prevented from discovering the facts upon which his petition relied, failed to demonstrate his claims relied on a newly created right, and failed to demonstrate that no reasonable factfinder would have found him guilty without the alleged constitutional errors. *See* R.C. 2953.23(A)(1)(a) and (b). Accordingly, the trial court held that it lacked jurisdiction to consider Michie's successive petition. In the alternative, the trial court denied Michie's motion on the merits, rejecting his contentions that the court lacked subject-matter jurisdiction over his felony case, that it erred in accepting his guilty plea, and that his trial counsel was ineffective. Finally, the trial court concluded that Michie's arguments were barred by res judicata. Michie did not appeal the trial court's judgment.

{¶ 8} On March 31, 2023, Michie filed the first of the motions at issue in this appeal—a motion to withdraw his guilty plea pursuant to Crim.R. 32.1. In that motion, Michie again claims ineffective assistance of counsel, this time arguing that his attorney was ineffective by failing to file a motion to suppress challenging the search warrant's validity, by failing to test the weight of the state's evidence, by failing to provide competent advice, and by coercing him into a guilty plea that was not knowing, intelligent, and voluntary. Michie also submitted information detailing that the Columbus police detective who signed the search warrant, Detective John Kotchkoski, pled guilty in 2022 to charges of conspiracy to traffic in fentanyl, based on conduct that occurred in 2021. On July 11, 2023, Michie filed another motion to withdraw and/or vacate his guilty plea, which set out

essentially the same arguments as his March 31, 2023 motion. In response to Michie's motions to withdraw his guilty plea, the state argued that res judicata barred further litigation of Michie's ineffective assistance of counsel claims. And with respect to Michie's arguments concerning Detective Kotchkoski's criminal activity, the state emphasized the lack of any evidence or argument connecting that activity, which occurred years after Michie's conviction, to the detective's conduct in this case.

{¶ 9} On June 16 and 23, 2023, Michie filed identical motions to vacate or set aside his sentence for lack of subject-matter jurisdiction. As the trial court noted, based on still-visible timestamps, each of those motions consisted of two pages from Michie's previously dismissed May 5, 2020 motion to vacate or set aside sentence for lack of subject-matter jurisdiction.

{¶ 10} The trial court denied Michie's multiple 2023 motions to withdraw his guilty plea and to vacate his sentence in a single decision and entry, filed January 27, 2025. The trial court concluded that Michie's claims of ineffective assistance of counsel were barred by res judicata, as he had previously unsuccessfully raised claims of ineffective assistance of counsel both in the trial court and on appeal. It further held that Michie's motions to vacate or set aside his sentence for lack of subject-matter jurisdiction, copied from his May 5, 2020 motion, presented no new arguments or information and were likewise barred by res judicata.

## II. ASSIGNMENTS OF ERROR

{¶ 11} On appeal, Michie now raises the following assignments of error:

> **FIRST ASSIGNMENT OF ERROR:** THE TRIAL COURT ABUSED ITS DISCRETION BY NOT HOLDING A HEARING DESPITE THE RECORD AND SUFFICIENT EVIDENTIARY DOCUMENTS DEMONSTRATING A NECESSITY TO CORRECT MANIFEST INJUSTICE, VIOLATING MR. MICHIE'S FOURTH, FIFTH, SIXTH, AND FOURTEEN[TH] AMENDMENT RIGHTS UNDER THE UNITED STATES CONSTITUTION AND SECTION 14, ARTICLE I, OF THE OHIO CONSTITUTION, DEPRIVING HIM OF A FUNDAMENTALLY FAIR OUTCOME.

> **SECOND ASSIGNMENT OF ERROR:** THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT FAILED TO CORRECT A MANIFEST INJUSTICE CAUSED BY COUNSEL'S FAILURE TO SEEK SUPPRESSION IN LIGHT OF A SORDID DETECTIVE'S INSUFFICIENTLY DRAFTED

AFFIDAVIT WHICH LED TO AN ILLEGAL SEARCH AND THE STATE'S EVIDENCE AGAINST MR. MICHIE, WHICH MADE HIS PLEA LESS THAN KNOWINGLY, INTELLIGENTLY, AND VOLUNTARILY ENTERED, VIOLATING HIS FOURTH, SIXTH, AND FOURTEENTH AMENDMENT RIGHT[S] UNDER THE UNITED STATES CONSTITUTION AND SECTION 14, ARTICLE I, OF THE OHIO CONSTITUTION.

**THIRD ASSIGNMENT OF ERROR:** THE TRIAL COURT ABUSED ITS DISCRETION IN DENYING A POST-SENTENCE MOTION TO WITHDRAW GUILTY PLEA WITHOUT EVALUATING THE TWO PRONG TEST IN STRICKLAND V. WASHINGTON TO DETERMINE WHETHER MR. MICHIE'S MOTION MET THE MANIFEST INJUSTICE STANDARD ARTICULATED IN CRIM. R. 32.1, WHICH VIOLATED MR. MICHIE'S FOURTH, FIFTH, SIXTH, AND FOURTEENTH AMENDMENT RIGHT[S] UNDER THE UNITED STATES CONSTITUTION AND SECTION 14, ARTICLE I, OF THE OHIO CONSTITUTION.

## III. DISCUSSION

{¶ 12} Michie maintains in all three assignments of error that the trial court erred by denying his postconviction motions to withdraw his guilty plea and vacate his sentence. Before turning to Michie's assignments of error, which concern the merits of his motions, however, we first consider the trial court's holding that Michie's arguments are barred by the doctrine of res judicata.

{¶ 13} "Under the doctrine of res judicata, a final judgment of conviction bars a convicted defendant who was represented by counsel from raising and litigating in any proceeding, except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at the trial, which resulted in that judgment of conviction, or on an appeal from that judgment." (Emphasis deleted.) *State v. Szefcyk*, 1996-Ohio-337, syllabus. As the Supreme Court of Ohio noted in *Szefcyk*, " ' "[P]ublic policy dictates that there be an end of litigation; that those who have contested an issue shall be bound by the result of the contest, and that matters once tried shall be considered forever settled as between the parties." ' " *Id.* at ¶ 11, quoting *Federated Dept. Stores v. Moitie*, 452 U.S. 394, 401 (1981), quoting *Baldwin v. Iowa State Traveling Men's Assn.*, 283 U.S. 522, 525 (1931). The doctrine of res judicata also applies to bar claims in successive postconviction motions. *State v. Knowles*, 2016-Ohio-2859, ¶ 13 (10th Dist.),

citing *State v. Turner*, 2007-Ohio-1468, ¶ 12 (10th Dist.), *State v. Wooden*, 2002-Ohio-7363, ¶ 19-20 (10th Dist.), and *State v. Muhumed*, 2012-Ohio-6155, ¶ 13 (10th Dist.). The doctrine " 'prevents repeated attacks on a final judgment and applies to issues that were or might have been previously litigated.' " *Id.*, quoting *State v. Sappington*, 2010-Ohio-1783, ¶ 10 (10th Dist.).

{¶ 14} Michie's 2023 motions to withdraw his guilty plea and vacate his sentence raise issues he either did litigate previously or could have litigated previously, and they are therefore barred by res judicata. *See id.* at ¶ 15 (affirming judgment overruling postconviction motion on res judicata grounds because motion raised issues appellant either did litigate previously or could have litigated previously). Application of res judicata is readily evident with respect to Michie's June 2023 motions to vacate or set aside his sentence for lack of subject-matter jurisdiction, which consist solely of pages taken directly from his May 5, 2020 motion to vacate or set aside his sentence. The trial court dismissed Michie's May 5, 2020 motion to vacate or set aside his sentence on August 27, 2020, and Michie did not appeal that decision. Accordingly, the question of the trial court's subject-matter jurisdiction has been fully considered and decided, and Michie's attempt to resurrect that question was barred by res judicata.

{¶ 15} We now turn to Miche's March 31 and July 11, 2023 motions to withdraw his guilty plea, in which he argues he was denied the effective assistance of counsel. Michie previously raised ineffective assistance of counsel in his initial petition for postconviction relief in 2019. There, he argued that his trial counsel was ineffective for failing to file a motion to suppress and for failing to review the search warrant for defects before advising him to plead guilty. Now, in his 2023 motions, Michie argues that his trial counsel was ineffective for not filing a motion to suppress based on supposed defects in the affidavit filed in support of the search warrant. He claims that Detective Kotchkoski, who signed the affidavit, stated without factual support that a green sticker on the package he saw being delivered to Michie's residence was a return-to-sender sticker, to corroborate his confidential source's statement that a package containing a return-to-sender sticker being delivered to Michie's apartment would contain narcotics. Michie disputes the statement that the green sticker Detective Kotchkoski observed on the package delivered to Michie's apartment was a return-to-sender sticker. He maintains his attorney should have pursued

a motion to suppress based on Detective Kotchkoski's unsupported inference in the probable-cause affidavit. Michie also argues that the affidavit contains insufficient indicia of the reliability or veracity of the confidential sources cited therein.

{¶ 16} Although Michie's specific arguments in support of his ineffectiveness claim differ from those he raised as ineffective assistance in his initial postconviction petition, Michie could have raised his current arguments in his prior applications for postconviction relief. Even assuming, as Michie states in his motion, he first received a copy of Detective Kotchkoski's affidavit in support of the search warrant in January 2020, Michie could have included his arguments about the affidavit in his May 2020 motion to withdraw his guilty plea, but he did not. Further, to the extent Michie argues he is entitled to relief based on Detective Kotchkoski's criminal activity, he draws no connection between that criminal activity and Detective Kotchkoski's investigation in this case. Nor has Michie presented any evidence that his trial counsel knew or could have known of Detective Kotchkoski's criminal activity, which did not occur until years after Michie's conviction. Because Michie has previously had the opportunity to litigate all his claims of ineffective assistance of counsel, the claims in his 2023 motions are barred by res judicata.

## IV. CONCLUSION

{¶ 17} Because the trial court correctly concluded that Michie's motions were barred by res judicata, we affirm the trial court's judgment and need not address Michie's assignments of error, which relate to the merits of his motions.

*Judgment affirmed.*

JAMISON and DINGUS, JJ., concur.

———————————